## UNITED STATES *v.* ADAMS.
### SAME *v.* JOHNSON.
### SAME *v.* CLARK.

1. The act of March 3, 1863, concerning the Court of Claims, confers a right of appeal in cases involving over $3000, which the party desiring to appeal can exercise by his own volition, and which is not dependent on the discretion of that court.
2. When the party desiring to appeal signifies his intention to do so in any appropriate mode within the ninety days allowed by that statute for taking an appeal, the limitation of time ceases to affect the case; and such is also the effect of the third rule of the Supreme Court concerning such appeals.
3. It is no ground for dismissing such appeal, that the statement of facts found by the Court of Claims is not a sufficient compliance with the rules prescribed by the Supreme Court on that subject.
4. But the Supreme Court will of its own motion, while retaining jurisdiction of such cases, remand the records to the Court of Claims for a proper finding.
5. A finding which merely recites the evidence in the case, consisting mainly of letters and affidavits, is not a compliance with the rule; but a finding that a certain instrument was not made in fraud or mistake *is a* proper finding without reporting any of the evidence on which the fact was found.

THESE were three motions: the first two to dismiss appeals from the Court of Claims, one in the case of Adams, and one in the case of Johnson; the third, in the case of Clark, a motion for a *certiorari* designed to require that court to make a more extended statement of the evidence on which they had made a particular finding. The motion in the first two cases resting on more grounds than one; in the third, on one ground only.

To understand the cases well, it is necessary to refer to the statutes and rules which regulate appeals from the Court of Claims. An act of March 3, 1863, provides that " either party may appeal to this court, &c., where the amount in controversy exceeds $3000, *under such regulations as the said Supreme Court may direct: Provided,* That such appeal shall be taken within *ninety* days after the rendition of such judgment or decree."

At the December Term, 1865, the Supreme Court prescribed certain regulations by which appeals might be taken.

The first rule prescribes that the *Court of Claims* shall make a *finding of the ultimate facts* or propositions which the evidence shall establish, in the nature of a *special verdict*, and *not* the evidence on which these ultimate facts are founded, and also conclusions of law, which findings of fact and conclusions of law shall be certified to the Supreme Court as part of the record.

The third rule prescribes that " in all cases an order of allowance of appeal by the Court of Claims, or the chief justice thereof, in vacation, is essential, *and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal.*"

The forty-eighth rule of the Court of Claims provides that " whenever such application for an appeal is made in vacation, the same shall be filed with the clerk of this court, *and such filing shall be deemed the date of the application for an appeal.*"

The act of March 3, 1863, provides " that the said Court of Claims shall hold *one* annual session, commencing on the first Monday in October in each year, and continuing as long as may be necessary for the prompt disposition of the business of the court;" and an act of March 17, 1866, " that the *regular session* of the Court of Claims shall hereafter commence on the first Monday of December, in each year."

In this state of statutes and rules, judgment was rendered by the Court of Claims in the case of *Adams* in his favor on the 19th March, and in the case of *Johnson*, on the 25th. The court adjourned on the 20th of May to the 25th of June. On the 10th of June the solicitor of the United States for the Court of Claims, Mr. Norton, filed in the office of the clerk, a paper, in the case of Adams, of which the following is a copy :

*Theodore Adams* v. *The United States.*

1886.

The United States, by E. P. Norton, its solicitor, makes application to the Honorable Court of Claims for an appeal of the

case of *Theodore Adams* v. *The United States*, to the Supreme Court of the United States.

E. P. NORTON,
Solicitor for the United States.

A similar paper was filed in the case of Johnson, at the same time. On the first day that the court was in actual session, to wit, on the 25th day of June, the solicitor moved for an allowance of these appeals, and on the next day the court made an order allowing them. The order was thus made more than ninety days after the judgments were rendered.

In these two cases, therefore, grounds of motion to dismiss were:

1. Because the appeal must be taken within ninety days after the rendition of the decree, and in this case the said period has elapsed.

2. Because the taking of an appeal in cases decreed by the Court of Claims consists of two things: 1st. Of an application for an appeal, which may be made to the court in term time, or by filing an application in the method prescribed by the rules when made in vacation. 2d. Of an allowance of the appeal so applied for by the court, and that both the application for and the allowance of the appeal must be made within the said term of ninety days from the rendition of the decree.

3. Because the application made for an appeal in this case, and filed in the clerk's office June 10, 1867, is irregular and void, having been made in term time, and not in vacation, as contemplated by the rules of court.

And in all three of the cases an additional ground was assigned, viz. :

That the record had not been made up and settled, as the first rule of the Supreme Court, made at December Term, 1865, required.

As to this part of the matter it appeared—

1. *In the Adams case*, that the findings were put under twenty different numbered paragraphs; that under one of

.them a joint resolution of Congress was set out in full; and under others, parts of acts of Congress. Withal, the finding made a sequent, orderly and intelligible statement, and was comprised within less than six pages 8vo, chiefly of small pica type.

2. *In the case of Johnson*, the form of finding was different. Somewhat less than two pages were occupied with narrative and clear account of a settlement by him upon valuable and unoccupied public lands in Washington Territory, where he erected buildings, which the government of the United States, operating against hostile Indians, had taken to its own use. But the rest of the finding consisted of nine pages of Government Correspondence from the Land Office, Department of the Interior, Register's Office at Vancouver, with various affidavits from settlers and others, a joint resolution of Congress, and many other documents, about twenty in all, set out *in extenso*, signatures, &c., with very little in the nature of a finding of *ultimate* facts. It ended with a succinct statement of the court's conclusions of law, on what was called "findings of fact."

3. *In the case of Clark*,—where the motion was for a *certiorari* to require the Court of Claims to make a more extended statement of the evidence on which they found,—no documents or evidence were set out. On the contrary, the petition having set forth that the petitioner having agreed by *correspondence*, with its authorized agents, to furnish to the government a certain quantity of potatoes, in a certain manner, the government agents had afterwards prepared formal articles of agreement, which he signed without advice of counsel, and not knowing at the time but that they truly and fairly stated the actual agreement of the parties, and that the contract was not truly stated in the articles, but by mistake or fraud was misstated,—the finding on this head ran thus:

"That the allegations of fraud or mistake in the concoction of the written agreement is not sustained by the evidence in the case."

*Messrs. Carlisle, Corwine, and Wills, in support of the motion to dismiss the appeals of Adams and Johnson:*

I. *As to the regularity of those appeals.* The statute gives an appeal under such regulations as this court may prescribe. The regulations when prescribed are as if part of the statute. By the terms of the statute, the appeal must be taken within ninety days. No regulation can alter this. The time is peremptory. In this case no appeal was "taken," "allowed," or even prayed for, till the ninety days had expired. All the party did was to pray an appeal generally, and of this jurisdiction cannot be taken.

There was no "vacation" between the 20th May and the 25th June. By the act of March 3d, 1863, and that of 17th March, 1866, the term is limited, but its duration is without limit. The "vacation," therefore, referred to in the rule under consideration, had not occurred when this application was filed with the clerk: on the contrary, the court was in session.

A vacation is defined by Bouvier to be the period of time between the end of one term and the beginning of another.*

A vacation is a different thing from a continuance, the result of an ordinary adjournment.† Adjournment, in the English practice, is a day so called from its being a further day appointed by the judges at the regular sittings to try causes at *nisi prius.* Adjournment day in Error, in English courts, is a day appointed some days before the end of the term, at which matters left undone on the affirmance are finished. But the whole term is considered as but one day. So, no vacation having occurred, the application should have been made to the court, the only tribunal or authority at that time authorized to receive and hear it.

II. *As to the forms of the findings in all three cases, and of the motion for certiorari in the third.* The object of the rule laid down by the Supreme Court was to get a clean, clear narrative of ultimate facts, a case like a case stated, or agreed on or found by special verdict, so that the court could give an

---

* 2 Law Dictionary                          † 1 Id.

opinion, in a form perfectly abstract, *upon* that case, and without any arguing of what the case was, or summoning up or back of facts. In the case of Adams, and especially in that of Johnson, the first and second cases, we have evidence of facts; leaving this court to settle the facts, a matter which it was the purpose of the rule to relieve it of. In the case of Clark, the finding is objectionable in the other way; that is to say, from its curtness. A *certiorari* to bring up a fuller case is necessary.

*Mr. Norton, Solicitor of the Court of Claims, contra :*

I. *As to the appeals of Adams and Johnson.* The appeal is *taken* when the application is made; for what else can the applicant for an appeal do? He has no bond to give, no additional act to perform; no control over any subsequent proceeding. The order of allowance may be made at any time.

The rule of the Supreme Court does not prescribe how the application shall be made, whether in open court orally, or by the filing of an application with the clerk, but that the making of the application, whether in the one mode or the other, shall be all that is required from the appellant.

The statute allowing ninety days would be nugatory, if the appellant had not been permitted to file his application with the clerk. If the court be not in session or the chief justice is absent, there is no other mode of taking an appeal.

It is contended that there can be no *vacation* until after the final adjournment *sine die*. But the act of March 17th, 1866, in providing that the *regular* session of the Court of Claims should be on the first Monday of December in each year, contemplated that there might be *irregular* sessions.

In the early period of the history of English courts, *vacations* of courts had no regularity, and the word was sometimes applied to the interval of a portion of a day. The words *interval, recess,* and *vacation,* are synonymes.

II. The objections to the finding seem to be too technical. As to the cases of Adams and Johnson, if requiring to be rectified, the findings can be rectified by a remand, and without dismissing the cases. As to the case of Clark, where

a *certiorari* is asked to enlarge the finding, the finding seems in precise right form.

Mr. Justice MILLER delivered the opinion of the court.

Motions are made in the case of *United States* v. *Adams*, and of the *Same* v. *Johnson*, to dismiss the appeals, upon the ground that they were not taken within the ninety days to which the act of Congress limits the right of appealing from the judgments and decrees of that court.

The fifth section of the act of March 3, 1863, under which the proceedings in appeal were had, enacts that " either party may appeal to the Supreme Court of the United States from any final judgment or decree which may hereafter be rendered in any case by said court, wherein the amount in controversy exceeds three thousand dollars, under such regulations as said Supreme Court may direct: *Provided*, that such appeal shall be taken within ninety days after the rendition of such judgment."

This language implies that taking an appeal is a matter of right, and is something which the party as distinguished from court may do. When the court has rendered its judgment " either party may appeal." That is, has the right to appeal, and may exercise that right by his own volition. The court cannot prevent it, nor is the right dependent upon any judicial discretion.

So also the language of the *proviso* is to the same purport. The appeal is to be *taken* within ninety days, not granted, or allowed, or permitted, but taken—a word which implies action on the part of the appellant alone. So that, whatever the proceeding may be which constitutes appealing, or taking an appeal, it must be something which the party can do; and it would seem that no regulation of the Supreme Court, nor any judicial discretion of the Court of Claims, can deprive him of the right, though the former may frame appropriate rules in accordance with which the right must be exercised.*

---

* Hudgins et al. *v.* Kemp, 18 Howard, 530; Dos Hermanos, 10 Wheaton, 306; The Enterprise, 2 Curtis C. C. 317.

We consider the paper filed by the solicitor in the office of the clerk of the court as sufficient in form to indicate the intention to exercise this right. It is addressed to the court, refers properly to the case, claims an appeal, and calls upon the court to take the action which the rules prescribed by the Supreme Court require of it.

But it is claimed that the rule so prescribed has not been complied with, and therefore the appeal is not taken within time. The third rule, the one here referred to, is this: " In all cases an order of allowance of appeal by the Court of Claims, or by the chief justice thereof in vacation, is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal."

The language of the rule would have been more technically accurate if the word " taking" had been used instead of " granting," but the latter word is used in the rule to express the idea conveyed by the former in the statute.

To understand why the Supreme Court required an allowance of the appeal by the Court of Claims it is necessary to consider the two rules which precede this. A statute passed a year or two after the one we have been considering gave the right of appeal in cases where judgments had been rendered long previous to its passage. In framing rules upon this subject the Supreme Court determined that these rules should be so drawn that only questions of law could be brought here for review. The first rule provided that the party desiring to appeal, in cases decided before the rules were made, should present his petition to the Court of Claims, setting forth the questions of law decided against him which he desired to have reviewed; and that court was required to certify what had been its rulings on those questions. By the second rule the court was required, in all appealable cases thereafter decided, to make a finding of facts, and of their conclusions of law thereon, and make it a part of the record.

It is obvious that in both of these classes of cases it was proper that the attention of the court should be called to the

taking of an appeal, and that it should not be treated as per-fected until that court had prepared the statement of facts, or the statement of its rulings on questions of law which these rules prescribed. If something of this kind had not been required, the appeal might have been taken and the record filed in this court before the rule had been complied with.

But that the delay in doing this might not prejudice the party desiring to appeal, the rule expressly provides that the statute of limitations shall cease to run from the time the application is made. In other words, the framers of the rule, treating the appeal as taken within the meaning of the statute when the application is made for its allowance, pro-vide that the delay in making out a proper statement of facts and judicial rulings, and then allowing the appeal (which C. J. Taney says, in *Hudgins* v. *Kemp*, "is merely an authority to the clerk to transmit the record"), shall not operate to defeat the appeal.

Much minute criticism has been expended on the ques-tion whether the adjournment of the court from May to June was a vacation within the meaning of the rule, and whether the application should have been made to the court or to the chief justice. The rule says, the *allowance* may be made by the court, or, if there is a vacation, by the chief justice, but it does not prescribe the form of the application, or how or to whom it shall be made. We think that whether done in vacation or in session, or during a temporary recess, the rule adopted by that court of requiring the application to be made by filing it with the clerk, is a very proper one.

We are therefore of opinion that the filing of this paper was taking the appeal, and that the delay in the subsequent proceeding to render it effectual do not touch its validity.

Another ground for the motion to dismiss these cases is, that the statement of facts found by the court, and their conclusions of law thereon, are not a sufficient compliance with the rule of the Supreme Court on that subject. It is said that the statement of facts is a mere recital of the evi-dence, and not the results of evidence as found by the court.

Conceding for the present that these records are fairly liable to the objection made, does it follow that for this reason the appeals should be dismissed?

In discussing the first ground on which the dismissal of these cases is claimed, we have seen that an appeal is a right given to the party by the statute, of which the Court of Claims cannot deprive him. It would be a violation of this principle if this court should refuse to consider his appeal, because the Court of Claims has erred in its attempt to comply with a rule of this court prescribing the character of the record to be sent here.

If the Court of Claims had made no attempt to comply with this part of the rule, we do not perceive how that would deprive this court of its jurisdiction of the case, or the appellant of his right to be heard. In such case, there is undoubtedly in this court, as in all appellate courts, a means of enforcing compliance with the rule, without permitting its jurisdiction, or the rights of appellant, to be defeated. But there is no such case here. The Court of Claims has made a finding of facts, and conclusions of law, and has shown its intention to comply in good faith with the rule of this court. Whether it be a sufficient compliance or not, is a question which does not affect the jurisdiction of this court, and is no ground for dismissal of the cases. The motions to dismiss are therefore overruled.

The rule above referred to, however, was made for the protection of this court, as well as to secure a finding of facts, by a tribunal which must of necessity inquire into them fully, and which, having ample time, and being otherwise every way competent, may be relied on to find them truly. In consequence of the suggestions of counsel in these cases, and in several others, said to be in the same category, we have examined into the statement of facts certified to us, to see if the rule is complied with. In all that we have examined, except the two named at the head of this case,* the statement is free from objection. In the case of *United*

---

* *Supra*, p. 101.

*States* v. *Adams*, the propositions of fact are stated more *in extenso* than is either necessary or desirable, and are sub-divided into a greater number of distinct propositions than are useful or conducive to clearness.

There are also certain acts and joint resolutions of Con-gress found as facts, of which this court must take judicial notice, which are, therefore, in no sense, facts to be found.

But after all, there is within a reasonable compass, and fairly stated, the main ultimate propositions of fact, on which this court can determine the principles of law, which must control the case.

But in the case of *United States* v. *Johnson*, it is differ-ent. We have first a detailed history of Johnson's transac-tions in settling on certain land, which is the foundation of his claim, with no attempt to deduce from this recital any ultimate fact, to which a proposition of law can be applied. This is followed by from fifteen to twenty affidavits and letters, given in full, from various officers in the department of the public lands, and other persons. What facts these letters and affidavits are intended to establish, we have not stopped to inquire, because it was the object of the rule to impose upon the Court of Claims the duty of drawing the inferences and conclusions which such documents are supposed to es-tablish, or to decide that they do not establish them. The statement in this case is, in this respect, a reproduction of the finding which we rejected in the case of *Burr* v. *The Des Moines Navigation Co.*,* to which this court refers in the rules as containing a judicial exposition of the principles on which they are founded.

No doubt it is often difficult to draw the line between a mere recital of the evidence produced in the case, and a find-ing of the facts which that evidence establishes; and where the statement certified by the Court of Claims is reasonably sufficient, we hope we shall not be found captious. But in the case we have mentioned, there is such a wide departure from the principle which lies at the foundation of the rule,

---

* 1 Wallace, 102.

that while we shall retain jurisdiction of the case, the record will be remanded to the Court of Claims, with directions to return a finding of the facts, in accordance with the rule.

These principles also dispose of the motion for *certiorari* in the case of *Clark et al.* v. *United States.* The motion there is designed to require the Court of Claims to make a more extended statement of the evidence on which they find, "that the allegation of fraud or mistake in the concoction of the written agreement is not sustained by the evidence in the case."

This is precisely the character of finding which the rule of this court was intended to produce. The existence of the fraud or mistake set up in the pleading is one of the ultimate facts to which the law of the case must be applied, in rendering a judgment, and this court does not purpose to go behind the finding of the Court of Claims on that subject. To do so would require an examination of evidence, and a comparison of the weight to be attached to each separate piece of testimony, and the drawing of inferences from the whole, which is the peculiar province of a jury, and which, by our rule, we intended to exclude from the consideration of this court, by making such finding by the Court of Claims conclusive. The motion in that case is, therefore, overruled.

MOTIONS OVERRULED in all the cases, but in the second case the record remanded with directions to make a new finding of facts in accordance with the rules of court on the subject.