# SMITH *v.* GALE.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF DAKOTA.

No. 580. Submitted December 22, 1890. — Decided January 5, 1891.

The day of the entry of judgment or decree must be excluded in computing the time for taking an appeal or bringing a writ of error to review it.

This was a motion to dismiss an appeal, on the ground that it "was not taken within the time prescribed by law." It appeared that the final decree was entered of record by the Supreme Court of the Territory of Dakota, on the 25th of May, 1886. The appeal from this decision was allowed, the supersedeas bond was offered and the citation was signed on the 25th day of May, 1888, by the chief justice of that court, and these papers were all filed on that day in the clerk's office of that court.

*Mr. A. G. Safford* and *Mr. Park Davis* (with whom was *Mr. Melvin Grigsby*) for the motion.

Final judgment was entered in this action on the 25th day of May, 1886, and the appeal to this court was allowed on the 25th day of May, 1888. This motion is made upon the ground that the appeal was not taken within the prescribed time.

It is a general rule that where the computation is to be made *from an act done*, the day on which the act is done is to be included. *Arnold* v. *United States*, 9 Cranch, 104. In common and popular usage the day *a quo* has always been included, and such has been the rule both of the Roman and the common law. *Griffith* v. *Bogert*, 18 How. 158. These cases were cited with approval in *Dutcher* v. *Wright*, 94 U. S. 553.

The foregoing cases are distinguishable from another class of cases wherein the computation is to be made *from a particular day*, and not *from an act done*. The general current of the latter authorities is that the day thus designated is excluded. *Sheets* v. *Selden*, 2 Wall. 177; *Best* v. *Polk*, 18 Wall. 112.

The case falls within the rule laid down in the former class of decisions. The entry of judgment was an act done on the 25th day of May, 1886, and inasmuch as no fraction of a day can be considered, it must be referred to the earliest moment of that day, and the day should be counted. By counting that day the two years within which the appeal could be taken expired on the 24th day of May, 1888, and the appeal was allowed one day too late.

*Mr. Enoch Totten* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In computing the two years after the entry of a final judgment, decree or order, sought to be reviewed in this court, within which the writ of error must be brought or the appeal taken, the day of the entry of such judgment, decree or order should be excluded. *Credit Co.* v. *Arkansas Central Railway Co.*, 128 U. S. 258.

The motion to dismiss the appeal in this cause is therefore

*Denied.*