### J. D. RANDALL CO. v. FOGLESONG MACH. CO.

(Circuit Court of Appeals, Sixth Circuit. December 3, 1912.)

#### No. 2,410.

COURTS (§ 405*)—TAKING AND PERFECTING APPEAL IN TIME—FAILURE OF JUDGE TO ALLOW.

Where the judge who made an order granting a preliminary injunction was temporarily absent from the district, and the papers for an appeal, duly made out, were presented to another judge of the same court for allowance within the 30 days given for taking an appeal by section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]), but such judge declined to act, the defendant was not thereby deprived of his right of appeal, and the judge who made the order on his return properly allowed the appeal nunc pro tunc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

Review of interlocutory decree granting or refusing injunction in patent case in Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; United States Freehold Land & Emigrant Co. v. Gallegos, 32 C. C. A. 484.]

Appeal from the District Court of the United States for the Southern District of Ohio.

Suit in equity by the Foglesong Machine Company against the J. D. Randall Company. From an order granting a preliminary injunction, defendant appeals. On motion to dismiss appeal. Denied.

Murray & McCallister, of Cincinnati, Ohio, for appellant.

Staley & Bowman, of Springfield, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. The appeal in this cause is taken, under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]), from an interlocutory decree granting an injunction in a patent cause. Motion is made to dismiss, on the ground that the appeal was not taken within 30 days. The decree appealed from was made and entered August 15, 1912. Appeal papers in due form were mailed by appellant's counsel to District Judge Sater, with a letter dated September 13th, and were received by him as early as September 14th. District Judge Hollister, who made the decree, was absent (we understand from the district) on September 13th and until September 27th. On September 14th Judge Sater returned the appeal papers by mail to appellant's counsel, with the statement that he was averse to making any order in a case with which he had had no connection and of which he had no knowledge, and with the request that the papers be presented to Judge Hollister upon his return, which was apparently then expected on September 23d. Judge Sater apparently overlooked the fact that September 14th was the last day for taking appeal. On October 4th Judge Hollister allowed the appeal nunc pro tunc.

We think the motion to dismiss should be denied. September 14th was within the 30 days. Smith v. Gale, 137 U. S. 577, 11 Sup. Ct. 185, 34 L. Ed. 792; Loveland on Appellate Jurisdiction, § 70. The appeal was matter of right, and not of discretion (The Douro, 3 Wall. [70 U. S.] 564, 566, 18 L. Ed. 168; United States v. Adams, 6 Wall. [73 U. S.] 101, 107, 18 L. Ed. 792; McCourt v. Singers-Bigger Co. [C. C. A. 8] 150 Fed. 102, 104, 80 C. C. A. 56); and when properly claimed in due season the right could not be defeated by the failure of the court to act upon the application within the time required for taking appeal (United States v. Adams, supra; Latham v. United States, 131 U. S. App. xcvii, 19 L. Ed. 452). As said by Justice Miller, in the Adams Case:

"The appeal is to be *taken* within 90 days, not granted, or allowed, or permitted, but taken—a word which implies action on the part of the appellant alone."

In the Adams and Latham Cases it was held that an order allowing appeal relates back to the date of the prayer for allowance, and is considered as made on that date. It is true that both the Adams and Latham Cases were appeals from the Court of Claims, whose rules declared that the limitation of time for granting appeals shall cease

to run from the time application for its allowance is made, and that the filing of the application shall be deemed to be its date. But the reasoning in the Adams Case supports the conclusion we have reached.

While the appeal cannot be said to be "taken" until it is "in some way presented to the court which made the decree appealed from, thereby putting an end to its jurisdiction over the cause, and making it its duty to send it to the appellate court" (Credit Co. v. Arkansas Central Ry. Co., 128 U. S. 258, 261, 9 Sup. Ct. 107, 108 [32 L. Ed. 448]; Farrar v. Churchill, 135 U. S. 609, 612, 10 Sup. Ct. 771, 34 L. Ed. 246; Old Nick Williams Co. v. United States, 215 U. S. 541, 543, 30 Sup. Ct. 221, 54 L. Ed. 318; Kentucky Coal, etc., Co. v. Howes [C. C. A. 6] 153 Fed. 163, 164, 82 C. C. A. 337), we think the presentation of the application to Judge Sater was a presentation to the court which made the decree appealed from, for the appeal was allowable at chambers equally as in open court. And while an appeal allowed by a judge other than that of the court whose decree is appealed from is not "taken" until the appeal papers, including the allowance, are filed with the court which made the decree (Credit Co. v. Arkansas Central Ry. Co., supra), such rule has no application here, for Judge Sater was a judge of the court which made the decree, and it is immaterial that he was not the one who actually directed its entry. We think the situation no different than if application had been seasonably made to Judge Hollister, and he had omitted either to make or file an allowance within 30 days.

We need not consider what the effect of the application would have been (in the absence of its filing with the clerk of the court), had not appellant actively and expeditiously persisted in his efforts to appeal. The appeal having been seasonably applied for, it was proper to make the same operate as of the time the application was made. United States v. Vigil, 10 Wall. (77 U. S.) 423, 19 L. Ed. 954.

The appeal is entitled to precedence, and will be set for argument at the January session next.