In re FOSTER CONST. CORPORATION.
POPKIN v. D. GINSBERG & SONS, Inc.

Circuit Court of Appeals, Second Circuit.
April 20, 1931.

See, also, 47 F.(2d) 276.

Louis Jersawit, of New York City, for appellant.

Leo J. Linder, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

D. Ginsberg & Sons, Inc., a creditor of the bankrupt corporation procured from the District Court an order, erroneously called a "ne exeat," forbidding Popkin, the president of the corporation, to leave the jurisdiction; this for the purpose of securing his attendance in the bankruptcy proceedings. Popkin moved to vacate the order ("quash the writ"), and the District Court denied the motion by order entered February 21, 1931. On March 21, 1931, within thirty days of the entry of the order, Popkin filed a petition for allowance of the appeal with his assignments of error in the District Court, and a copy of both with the clerk of this court on the same day. Our next motion day was on April 6th, at which time he moved for leave to appeal as required by our Rule 36 (1). The subject-matter of the appeal should be heard, unless the application was too late, but the appellee argues that it was, because of the concluding language of subdivision 1, "which motion day must be within the thirty days allowed by the statute for taking the appeal." The Rule is as follows:

"1. Application for leave to appeal under section 24(b) of the Bankruptcy Act, as amended by Act of May 27, 1926, must be made by filing in the district court a petition of appeal with assignments of error, and filing in this court a copy of said petition and assignments of error. Copies thereof must be served on the opposing party or parties with a notice of not less than four days that the same will be brought on for hearing on a motion day, which motion day must be within the thirty days allowed by the statute for taking an appeal.

"2. After adjournment of court for the summer vacation it will be deemed a sufficient compliance with the statute and this rule if the petition and assignments of error are filed in both courts within the thirty days and the hearing is noticed for the first motion day after the court reassembles.

"3. If leave to appeal be granted, appeal will be deemed taken as of the date of filing petition for appeal in this court, and if such leave be given appellant must file in the district court a bond for costs within five

days after order granting leave is filed; otherwise the appeal will be dismissed by the clerk of this court on the opposing party producing a certificate from the clerk of the district court that the bond has not been filed as required by this rule.

"4. The record on appeal 'must be filed in this court thirty days after the filing of the bond, unless the time be extended by the judge of the bankruptcy court in the manner prescribed by Rule 14, paragraph 1 of this court."

Section 24(c) of the Bankruptcy Act (11 USCA § 47(c) provides that the appeal "shall be taken within thirty days after the judgment, or order * * * has been rendered or entered." Is the appeal "taken" in season if a copy of the petition be filed in this court within the statutory period and the appellant moves for allowance at the first motion day thereafter?

■ We understand that section 24(c) uses the word "taken" in the same sense as similar statutes elsewhere. In the case of decrees or judgments entered in suits or actions, the appeal may be allowed by either a Circuit or a District Judge, Rule 32(1) of the Second Circuit, but, when allowed by a Circuit Judge, it is "taken" only when lodged in the District Court. Credit Co. v. Arkansas, etc., Ry., 128 U. S. 258, 9 S. Ct. 107, 32 L. Ed. 448; Farrar v. Churchill, 135 U. S. 609, 612, 10 S. Ct. 771, 34 L. Ed. 246; Old Nick Williams Co. v. U. S., 215 U. S. 541, 543, 30 S. Ct. 221, 54 L. Ed. 318. When the appeal is allowed by a District Judge the allowance is treated as itself a lodgment of the appeal in that court, and the appeal is "taken" as of that date. Randall v. Foglesong Machine Co., 200 F. 741 (C. C. A. 6). We construe Rule 36, which requires the original petition to be filed in the District Court and a copy with the clerk of this court and a bond to be filed in the District Court after allowance, as, in substance, conforming to this requirement; for this we rely upon subdivision 3 which makes the date of the appeal, after allowance, that of the filing of the petition here. Unless we admit this retroactive effect of the allowance and the filing of the bond, we cannot preserve the rights of appellants, who must otherwise be at the mercy of our sittings and at times of the deliberation necessary to a proper consideration of such motions.

■ The question, however, remains as to when the appeal is "taken," whether when the petition is filed, or when it is allowed.

If the appellant when he files a petition does not intend it to be acted upon until he takes some further action, mere lodgment with the clerk is not enough, Camden Iron Works v. Cincinnati, 241 F. 846 (C. C. A. 6); but any delay of the judge in allowing it does not count against him, if he has done all he can to secure his rights. This seems to us to have been decided in U. S. v. Adams, 6 Wall. 101, 18 L. Ed. 792. It is true that in that case the rules of the Supreme Court, governing appellate practice in the Court of Claims, particularly provided for the situation, but Mr. Justice Miller went further in the opinion, and laid it down generally that the application for the allowance of the appeal tolled the statute, regardless of the time when it was actually allowed. See, also, Latham v. U. S., 131 U. S. xcvii, appx., and 19 L. Ed. 452. This was the interpretation placed upon those decisions in Randall v. Foglesong, supra, and the same appears to have been assumed in Ross v. White, 32 F.(2d) 750 (C. C. A. 6). In Green v. City of Lynn, 87 F. 839 (C. C. A. 1), the appellant lodged the petition in the Circuit Court, in season, but it was allowed too late. Whether he had done all he could by filing it, and the delay was only that of the judge, does not certainly appear. If so, the decision is contrary to our understanding of U. S. v. Adams, supra.

In the case at bar, the appellant brought on the motion at the first motion day after a copy of the petition was filed in this court; thus he had done all that was possible, if he had thirty days within which to file his petition. It seems to us that this is the period given by the statute, and that we can require no more than that he shall pursue his application so begun with all speed. Indeed, if the allowance of the appeal is the only effective date, the second subdivision of Rule 36 is itself invalid. A rule cannot extend the period allowed by the statute; the appeal must be perfected in season whether the court be sitting or not.

■ We therefore think that the phrase in subdivision 1, "which motion day must be within the thirty days allowed by the statute for taking an appeal," is to be read as meaning that the motion day must be within thirty days, when there is such a day four days or more after the filing of the petition, but that, if there is none, then the next following motion day will serve. While this does violence to the text, only so can the rule be made to conform with the law. We hold that the mo-

tion was in season, and the appeal is allowed.

The motion to diminish the record is denied.

The motion for a preference is premature, but will be granted, provided that the record is printed and filed with the clerk on or before May 11, 1931.

The motion to dispense with printing is denied.