## UNITED STATES v. BEAMAN.
### No. 6514.

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1932.

C. P. Goree, Asst. U. S. Atty., and Harry A. Wallerstein, Atty., Veterans' Administration, both of Atlanta, Ga., for the United States.

Thomas M. Stubbs and Wm. Hart Sibley, both of Atlanta, Ga., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellee moved that the appeal be dismissed on the ground that the petition for appeal was not allowed and filed within three months of the date of the entry of the judgment complained of. The judgment was entered in open court on July 29, 1931, and filed the same day. The petition for appeal and the written order of the judge allowing it were dated October 29, 1931, and were filed October 30, 1931. On the defendant's præci-pe, addressed to the clerk of the court, is the following statement, signed by plaintiff's attorney:

"Due service of the within and foregoing præcipe is hereby acknowledged and all other and further service is hereby waived.

"This 29 day of October, 1931."

That instrument was filed October 30, 1931. The statute provides that: "No * * * appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." 28 USCA § 230. The day of the entry of the judgment or decree must be excluded in computing the time for taking an appeal to review it. Smith v. Gale, 137 U. S. 577, 11 S. Ct. 185, 34 L. Ed. 792; Burnet v. Willingham Loan & Trust Company, 282 U. S. 437, 51 S. Ct. 185, 75 L. Ed. 448. It follows that the appeal was in time if it was applied for and allowed on October 29, 1931. No formal order of allowance is necessary. Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989. The time of the allowance of an appeal may be shown otherwise than by a filing with the clerk of an order allowing it. Donaldson v. Baltimore Acceptance Corporation (C. C. A.) 38 F.(2d) 215. Though the filing date on the statement entered upon defendant's præcipe and signed by plaintiff's attorney was October 30, 1931, that statement shows that before it was filed, on October 29, 1931, within the time allowed for applying for an appeal, plaintiff's attorney in effect admitted that an appeal had been taken, and waived formal service of citation. We think the record sufficiently shows that the appeal was applied for within the time allowed by the statute. The motion to dismiss the appeal is denied.

This was an action by the appellee against the United States to recover the sum of $1,-368.83 claimed to be due to him under the provisions of the Emergency Officers' Retirement Act of May 24, 1928, otherwise called the Tyson-Fitzgerald Act (45 Stat. 735 [38 USCA §§ 581, 582]). The petition contained allegations to the following effect: Petitioner enlisted in the United States Navy in August, 1907, and remained in the service until June, 1922, at which time he was transferred to the United States Fleet Naval Reserve, and remained in said Fleet Naval Reserve until July, 1929, at which time he was honorably discharged. During the time petitioner was in the United States Naval Reserve he drew as retainer pay from the Unit-

ed States government a stated sum per month and also compensation for service-connected disability. During the period from 1918 to December, 1921, petitioner held the ranks of boatswain, ensign, and lieutenant, junior grade. Under the provisions of the above-mentioned act petitioner applied for retirement under and for the full benefits of that act, and his application was granted, effective June 6, 1928. Under that act petitioner was entitled by virtue of his rank and service to the sum of $150 per month from thenceforward. Under that act there accrued to petitioner's benefit approximately the sum of $2,550, less stated amounts properly deductible therefrom; the balance to which petitioner was entitled being $1,368.83. Petitioner demanded from the United States Veterans' Bureau the payment of said balance, and the said Veterans' Bureau, through its proper officers, has refused to pay the same, contending that this petitioner has improperly and illegally collected simultaneously compensation for service-connected disability and remuneration as a member of the United States Fleet Naval Reserve, which was improper and illegal for the reason that the money paid petitioner as a member of the United States Fleet Naval Reserve was merely a gratuity. By plea the defendant, appellant here, raised the question of jurisdiction of the court to entertain the suit. By agreement of counsel the case was submitted to the court for trial without a jury, the parties stipulating that the facts alleged in the petition are true. The court rendered judgment in favor of the plaintiff against the defendant for the sum of $1,317.60.

The United States can be sued only by permission clearly given by act of Congress. Eastern Transportation Company v. United States, 272 U. S. 675, 686, 47 S. Ct. 289, 71 L. Ed. 472; Reid v. United States, 211 U. S. 529, 29 S. Ct. 171, 53 L. Ed. 313. The United States has consented to be sued in specific cases, for instances, those provided for in 28 USCA § 41 (20), and in section 13 of the War Risk Insurance Act, as amended May 20, 1918 (40 Stat. 555). United States v. Napoleon (C. C. A.) 296 F. 811. Nothing in the act under the provisions of which appellee claimed he was entitled to the amount sued for indicates an intention to give a beneficiary of that act a right to sue the United States, whether the failure to pay the amount claimed was or was not due to wrongful official action. So far as we are advised, Congress has enacted no statute which purports to authorize such a suit against the United

States as the instant one, in which a money judgment against the United States alone was sought. This being so, it is not necessary to pass on the suggestion that the claim asserted is in fact a pension, being for an amount allowed to a person retired from government service on account of age or other disability, and comes within an express exclusion stated in an above referred to statute. 28 USCA § 41 (20).

Whether a suit by the appellee, complaining of the alleged wrongful refusal to pay the amount claimed, and against the officer or officers whose action resulted in such refusal, is maintainable in any court, is a question not presented by the record. That question is not one to be decided in this case.

We conclude that the suit was not maintainable against the United States.

The judgment is reversed.