FLORIDA REAL ESTATE COMMISSION, *ex rel.* HOLLY HILL GROVE & FRUIT CO. v. FRANK W. CRISP.

149 So. 543, 566.
Division B.
Opinion Filed August 2, 1933.
Rehearing Denied September 8, 1933.

*Milam, McIlvaine & Milam* and *W. H. Poe*, for Appellant.

*Huffaker & Edwards* and *Ellis F. Davis* and *B. K. Roberts, Lambden & Ramseur*, for Appellee.

PER CURIAM.—The Holly Hill Grove & Fruit Company filed an information with the Florida Real Estate Commission under Section 4088, C. G. L., making certain allegations which complainant contended required the revocation or suspension of the registration of Frank W. Crisp as a real estate broker. To this information Crisp filed an answer. The Commission ·appointed an examiner and testimony was taken before him pursuant to Section 4090, C. G. L. The testimony is voluminous and the exhibits many. After taking the testimony the Real Estate Commission certified the transcript of the proceedings before it to the circuit court, under Section 4092, C. G. L., stating that it "finds that the facts warrant the Commission submitting this cause for the judgment of the court on the information, answers and evidence." The matter was subsequently argued and submitted to the circuit judge who some eight months later entered an order dismissing the information. In such order or decree, after a preliminary statement of the nature of the cause and the proceedings had, the circuit court stated: "Thereupon the court finds that the information has not been sustained by the testimony. and proofs in said cause, and that the registration of the defendant, Frank W. Crisp, should not be revoked or suspended as prayed in the said information."

An appeal was taken to this Court under the statute within thirty days.

This order of the circuit court does not comply with Section 4094 C. G. L. in that it does not contain a finding of facts. The statute just cited provides that: "Such order shall contain a finding of facts, which shall have the same force and effect as the findings of a Judge sitting in Chancery."

This case shows the wisdom of this provision of the statute. If the circuit judge had made a finding of facts, it is quite probable that both parties to this appeal would have concurred in the correctness of such finding of facts, thus presenting to this Court mere questions of law, as applied to facts so found, for its decision, which would, in cases of this kind, save the Court an immense amount of labor. Even if the parties could not have agreed as to the correctness of all the findings of fact, as made by the judge, it is quite probable that the differences of opinion as to the correctness of such findings would have been limited to a small proportion thereof, thus limiting the scope of the review by this Court on disputed questions of fact. This was the apparent intent of the Statute.

The error above pointed out does not necessarily go to the correctness of the circuit court's conclusion, briefly stated as above quoted, or the order dismissing the information, but, nevertheless we deem it such an error as requires a reversal of the order appealed from, and the remanding of the cause with instructions to the circuit court to embrace within its order a finding of facts as required by the statute. See U. S. v. Adams, 6 Wall. 101, 18 L. Ed. 792.

Reversed and remanded with directions.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

## On Petition for Rehearing.

Per Curiam.—Upon reversal and remand of a cause like this one for the purpose of having made a proper finding of facts as required by the statutes, the effect is to open up the entire record for the purpose of making such findings of facts, and to leave the cause open for the entry of such appropriate decree pursuant to such findings, as the law and the facts as hereafter found, will justify.

Upon a remand of this cause the court below is not precluded from reaching a different conclusion, nor is it restrained from rendering a different decree, if in his opinion the finding of facts, when made by him, as circuit judge, shall so require.

To give such effect to our previous opinion in this case would be to make the required finding of facts we have directed, a useless formality to be carried out by the circuit judge only as a means for amplifying the record for a possible new appeal, whereas what we have done is to reverse the present decree as having been erroneously entered because it was not properly predicated upon a finding of specific facts, as the statute requires.

Rehearing denied.

Davis, C. J., and Whitfield, Brown and Buford, J. J. concur.