### WHEELER v. LUMBERMEN'S MUT. CASUALTY CO. et al.
### No. 955.

District Court, D. Maine, S. D.

April 2, 1934.

See, also (D. C.) 5 F. Supp. 193.

Berman & Berman, of Lewiston, Me. (B. L. Berman, of Lewiston, Me., of counsel), for plaintiff.

Robinson & Richardson, of Portland, Me. (Forrest E. Richardson, of Portland, Me., of counsel), for defendants.

PETERS, District Judge.

Final decree in this case was filed December 19, 1933. On March 19, 1934, during business hours, a petition for appeal with assignment of errors attached was filed in the office of the clerk by the defendant Lumbermen's Mutual Casualty Company, to which is appended an affidavit to the effect that an attested copy was served upon the attorney for the plaintiff on that date; it also appearing by letter on file with the clerk that on March 8, 1934, attorneys for the defendant had given written notice to the attorney for the plaintiff of intention to claim an appeal.

The petition for appeal was not presented personally to the judge on March 19th. At the time when the petition was filed with the clerk, the judge of this court was in Boston, or proceeding to Boston, on official business. In the latter part of the afternoon on March 19th the judge while in Boston received a telephone message from counsel for the defendant stating that the petition for appeal had been filed with the clerk and that, finding the judge absent, counsel desired to know what could be done to preserve his rights. He was informed over the telephone that the judge would allow the appeal as of that date, March 19th, that counsel could so inform the clerk, and that the judge would sign the allowance of appeal as of that day upon his return.

Counsel for plaintiff was informed by letter by the judge while in Boston that his undertaking to allow the appeal as of March 19th was simply to protect the rights of the defendant and was not an attempt to extend the time for taking appeal in case the statutory limitation had expired. It is clear, of course, that the court has no authority to extend the time of appeal in any event.

On March 23, 1934, the plaintiff filed a motion to dismiss the appeal for various reasons, among others that the appeal was not properly taken within three months from the date of entering the final decree.

On March 28, 1934, a hearing was had on the motion to dismiss, and thereafter the appeal was allowed as of March 19th; the allowance being dated that day.

It seems to be clear that the defendant filed his application for an appeal in due season. The statute says that no appeal

shall be allowed "unless application therefor be duly made within three months." 28 US CA § 230. In the case of Smith v. Gale, 137 U. S. 577, 11 S. Ct. 185, 34 L. Ed. 792, decided when the time for appeal was two years instead of three months, it was held that an appeal taken on May 25, 1888, from a final judgment entered May 25, 1886, was taken in time. Randall Co. v. Foglesong Mach. Co. (C. C. A.) 200 F. 741; U. S. v. Beaman (C. C. A.) 61 F.(2d) 493.

As to the matter of allowing the appeal nunc pro tunc, it seems to have been held in this circuit, in Green v. Lynn, 87 F. 839, that the filing of an appeal in the clerk's office within the statutory period was not a sufficient compliance with the statute, unless the appeal was allowed during that time. The contrary seems to have been held in Randall Co. v. Foglesong Mach. Co. (C. C. A.) 200 F. 741. However, it should be borne in mind that the language of the statute in 1898, when the case of Green v. Lynn was decided, was not the same as in the present statute. The former statute (28 USCA § 230 note) said that the appeal should be "taken or sued out," within (at that time) six months. The present statute is as above quoted and explicitly refers to an "application for appeal." Also in the case of Green v. Lynn the action of Judge Putnam in allowing the appeal was taken several months after the time had expired and did not purport to be nunc pro tunc.

In the case of U. S. v. Vigil, 10 Wall. 423, 427, 19 L. Ed. 954, judgment was rendered against the United States and an appeal was sought to be taken, but the clerk neglected to make an entry to that effect. The court, in ordering an allowance of appeal nunc pro tunc, used this language:

"The prayer for an appeal in due time, although not granted then by the court, secures this right, and no delay by the court in its allowance can impair it. The order nunc pro tunc contains the allowance."

In Latham v. United States, 131 U. S. xcvii, Appx., and 19 L. Ed. 452, Mr. Chief Justice Chase delivered the opinion of the court:

"This is a motion to dismiss the appeal from the judgment of the Court of Claims, on the ground that it was not allowed within the ninety days fixed by the statute.

"And it appears that the order of allowance was not made within the statutory time. But it also appears, on examination, that the prayer for allowance was within the time, and we have heretofore held that the order allowing the appeal must have relation back to the date of the prayer for allowance, and be considered as made on that day.

"The motion must therefore be denied."

See U. S. v. Adams, 6 Wall. 101, 18 L. Ed. 792.

The difference in the language of the statute may be sufficient to reconcile the cases. However, the decision in Green v. Lynn, in this circuit, is no authority against the propositions here decided, viz.:

1. An application for appeal from a final decree entered December 19th is made within the three months' statutory limitation if made on or before March 19th following.

2. In a case where the application for appeal is filed in the clerk's office on the last day of the three months' period, and, on the same day, called to the attention of the judge, then absent from the district, who undertakes to sign an allowance of the appeal as of that day upon his return and directs counsel to so inform the clerk, it is a sufficient allowance of the appeal if the stipulated action is taken by the judge a few days later upon his return to the district.

The motion to dismiss the appeal is denied.