### In re HOFFMAN.

### JOHN HANCOCK MUT. LIFE INS. CO. v. HOFFMAN.
No. 5623.

Circuit Court of Appeals, Seventh Circuit.
Feb. 26, 1936.

Hayes McKinney, Cornelius Lynde, George H. Grear, and Harold W. Hawes, all of Chicago, Ill., for appellant.

Charles A. Williams, Albert Martin, and J. B. Hugg, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and AL-SCHULER, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from two orders of the District Court denying appellant's petition for review and confirming the referee's order approving the debtor's plan for extension and composition of her debts, filed by appellee under section 74 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202, and allowing her attorney certain fees which she was by the order authorized to pay from the funds of the estate then in her possession.

■ The first question which is presented to us is as to the jurisdiction of this court to hear the appeal which appellee contends was not presented within the thirty-day period provided for appeals under section 24c of the Bankruptcy Act, as amended, 11 U.S.C.A. § 47(c). The orders complained of were entered by the District Court on August 2, 1935. On August 30, appellant lodged with the clerk of this court its petition for appeal and assignments of error, and on the following day one of the judges of this court (the only one present in the circuit at that time) granted it leave to file the petition and assignments of error instanter, and on September 13, the appeal was allowed by the court, and citation issued. Appellee contends that this was not sufficient to confer jurisdiction upon this court for the reason that an appeal cannot be said to be taken on the filing of an application, but must be presented to the court within the statutory time. The Circuit Court of Appeals for the Second Circuit held otherwise in Re Foster Construction Company, 49 F.(2d) 213, citing U. S. v. Adams, 6 Wall. 101, 107, 18 L.Ed. 792, where the court said, as to another statute on Appeals: "The appeal is to be *taken* within ninety days, not granted, or allowed, or permitted, but taken—a word which implies action on the part of the appellant alone." See, also, Latham v. U. S., 131 U. S. xcvii, appx. There the court said: "And it appears that the order of allowance was not made within the statutory time. But it also appears, on examination, that the prayer for allowance was within the time, and we have heretofore held that the order allowing the appeal must have relation back to the date of the prayer for allowance, and be considered as made on that day." While both of these cases had to do with statutes providing for appeals as a matter of right, we think the language is equally applicable in the case of appeals allowed only in the discretion of the appellate court. It follows that since the appellant secured leave of a judge of the Circuit Court of Appeals to file its petition for appeal within the statutory period, the fact that the petition was not acted upon by the court until after the expiration of the period does not prevent the court from acquiring jurisdiction of this cause.

■ The debtor filed her petition under section 74 of the Bankruptcy Act on April 5, 1934, scheduling two pieces of property each of which was encumbered by two mortgages. The first mortgage on one piece was wholly owned by appellant, and it objected to the inclusion of that property in the plan because it claimed that the value of it was less than the amount due on the first mortgage. It filed numerous other objections to the confirmation of any composition or extension proposal. It is necessary for us to notice only one of those objections: That the money or security to pay all debts which had priority had not been deposited and neither the payment nor the priority had been waived. The original petition filed by the debtor set out that there were due, at the time of the filing, taxes for the years 1930, 1931, and 1932 on one property, amounting to $2,133.69, and special assessments of $126.76. On the other property, on which appellant held the first mortgage, taxes were due for the years 1931 and 1932, amounting to $1,873.74, and special assessments of $99.25. Thus it will be noted that a total of $4,233 was due for back taxes at the time of the filing of the petition.

Subsection (e) of section 74, 11 U.S.C.A. § 202(e) provides as follows:

"An application for the confirmation of a composition or extension proposal may be filed in the court of bankruptcy after, but not before * * * the money or security necessary to pay all debts which have priority unless waived and the costs of the proceedings * * * have been deposited in such place as shall be designated by and subject to the order of the court."

In Re Van Doren (C.C.A.) 79 F.(2d) 859, and again in Re Hjelmquist, 81 F. (2d) 543 decided by this court on January 31, 1936, we held that these conditions are mandatory, and that the debtor must make the deposits as a condition precedent to confirmation. Appellee seeks to distinguish the Van Doren Case on the ground that there the debtor was totally unable to deposit in cash the moneys necessary to pay large arrears of taxes, a circumstance which she alleges is not present in her case. However, if in fact the deposit made was not sufficient to meet the requirements laid down by the statute, appellee cannot now be heard to say that she could make the deposit if necessary, especially in view of the fact that she did not offer to increase it when appellant first raised the objection before the referee. She also argues that a bankruptcy court has power under section 74 to extend the time for making tax payments, hence a deposit to cover them is no more necessary than is a deposit to cover secured debts, which she contends are entitled to priority to the same extent as are taxes; that if the requirement in section 74 that a debtor must deposit cash or security to pay all debts which have priority is taken literally, extensions could only be obtained as to unsecured claims on condition of paying in cash all secured creditors. In advancing this argument, appellee loses sight of the fact that a distinction has always been made between creditors who are to be paid in full or to whom priority is secured by law, creditors holding securities, and creditors whose claims are unsecured. Such distinction is recognized in the official forms as adopted and established by the Supreme Court. We agree with appellant that secured debts are expressly contemplated by subsection (e) as being debts subject to extension and that accordingly no deposit is required for them. On the other hand, that section with equal explicitness provides for deposit for debts having priority unless waived. We see no reason for overruling our decision in the Van Doren Case.

█ Appellee also relies on the fact that the referee incorporated in his order a finding that the money and security required by law to be deposited had been deposited, and the District Court approved that order. Both orders were entered before the decision of the Van Doren Case.

The only reference to the amount of the deposit appears in the application for confirmation filed by the debtor in which she recites that the money necessary to pay the costs of the proceedings has been deposited, the total sum of which money deposited is $500. It appears from other portions of the record, however, that the plan contemplated the payment of costs, attorney's fees, and delinquent taxes from the current income of the estate, rather than from the fund deposited which was recited by the referee to be as required by law. The amended extension proposal of the debtor provided that all funds on hand at the date of confirmation should be applied in payment of the cost and charges of the proceedings for extension; attorney's fees in the amount of $800, and $102 for moneys advanced, were allowed by the court, and permission given to the debtor to pay the sum of $502 out of the funds of the estate then in her possession; the consents filed by creditors recited that delinquent taxes were to be placed on a partial payment plan to be paid within the first five years of the extension; the order of the referee reciting that the money or security required by law to be deposited had been deposited as ordered also stated that "all of the net income, past and future, of the debtor's properties shall be applied first to the payment of the respective taxes due against said properties. * * * It is further ordered that the debtor * * * pay all expenses of these proceedings from the assets of the debtor's estate. * * *"

We think all the foregoing facts lend credence to the assumption that when the referee entered his ruling as to the deposit, and the court approved it, both were acting on the erroneous theory that the $500 deposit which the debtor stated that she had made was sufficient, and that taxes and fees over and above that amount might be paid out of the funds of the estate collected after the filing of the petition under section 74. Under the authority of In re Van Doren, supra, and In re Hjelmquist, supra, we must hold otherwise. While this court is reluctant to disturb a finding of the referee approved by the District Court, nevertheless, when it appears from the face of the record that the finding was based on a legal theory subsequently declared erroneous by this court, we must overrule it.

The orders appealed from are reversed, and the cause remanded for further proceedings consistent with this opinion.