## TWIN CITY MILK PRODUCERS ASS'N et al. v. McNUTT, Federal Security Administrator (AMERICAN DRY MILK INSTITUTE, Inc., et al., Interveners).

### No. 505, original.

Circuit Court of Appeals. Eighth Circuit.

Nov. 10, 1941.

---

Louis E. Hart, of Chicago, Ill., for petitioners and interveners.

William W. Barron, of Washington, D. C., Atty., Department of Justice, for respondent.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

JOHNSEN, Circuit Judge.

In a previous opinion, 8 Cir., 122 F.2d 564, we withheld approval of a regulation of the Federal Security Administrator, fixing a definition and standard of identity for "dried skim milk, powdered skim milk, skim milk powder", as a human food, because the Administrator's order promulgating the regulation did not affirmatively show that it was his judgment that his action would "promote honesty and fair dealing in the interest of consumers", which, under section 401 of the Federal Food, Drug and Cosmetic Act, 52 Stat. 1046, 21 U.S.C.A. § 341, was the sole basis of his authority to act.

Because of the field of public interest involved, we exercised our judicial discretion not to declare the regulation invalid summarily, for failure of the order to demonstrate that the necessary processes had been observed, as we might have done, but,

with greater tolerance in the public interest, gave the Administrator an opportunity to disclose the basis of his action and to make such finding and showing with respect thereto as he might be able and desire to do; and we retained jurisdiction thereafter to make a final order of disposition.

The Administrator has now filed, within the time limited in our order, a finding and showing that the regulation was promulgated on the basis of his judgment at the time that it would promote honesty and fair dealing in the interest of consumers, and that an amendment or supplement to the order of promulgation demonstrating such fact has been duly made and filed in the office of the Director of the Division of the Federal Register, the National Archives, under date of September 27, 1941, for publication in The Federal Register.

The matter now comes before us on the Administrator's motion to affirm the original order on the basis of his amended or supplementary finding and showing. Petitioners and interveners have filed suggestions in opposition to the motion, renewing their argument that the original order is invalid for want of the necessary supportive finding as to the basis of the Administrator's action, and contending that the defect cannot properly be supplied by supplementary showing or amendment.

█ The questions involved have been sufficiently considered in our previous opinion, and we adhere to the views there expressed. It may be added that the amendatory or supplementary finding which the Administrator has made does not in any way touch the language or provisions of the regulation itself; that the recitation as to the basis of the Administrator's action is collateral to the regulation proper; that such a formal recitation is not necessary, as a matter of statutory prescription, to give validity to the promulgating order; that it is simply a judicial requirement, imposed as a convenience in a review proceeding, to aid in satisfying legal conscience and in lightening judicial responsibility; that, in the absence of a controlling statutory prescription as to the scope or methods of the particular right of review, there is no limitation upon the general processes to which the courts may resort in satisfying themselves as to the propriety of the basis of administrative action, except such limitations as their own convenience and orderly functioning fittingly suggest; that, while the courts may thus refuse to approve and give further consideration to an administrative order which fails to show on its face that the action has been taken on the basis of the authority conferred by statute, they are not compelled thus to strike down such an order momentarily and summarily, and no person can claim any inherent right to demand that this be done; that where an administrative order has omitted to disclose the underlying basis of the official action, the courts, may properly, in their sound discretion, and where the general public interest is involved usually should, in order to avoid the necessity for summarily striking down the order, permit a showing to be made as to the basis of the official action, by amendatory or supplementary finding, and thereafter give consideration to the validity of the order in the light of this nunc pro tunc finding and showing.

As was declared in our previous opinion, "If official action actually rests upon a proper basis, and the recitations necessary to demonstrate this fact have simply been inadvertently omitted, there is no sound reason why this ought not to be permitted to be shown"; and, again, judicial responsibility to the public interest, where that clearly is the dominant consideration involved, "will be more effectively served in this manner than by unnecessarily delaying administrative action and inviting repetitive litigation". 122 F.2d at pages 567, 568.

█ In our previous opinion, we held that the regulation was in all other respects valid. A satisfactory showing having now been made, by amended or supplementary finding, that the Administrator's order promulgating the regulation was made on the basis of his judgment at the time that it would promote honesty and fair dealing in the interest of consumers, it follows that the order and regulation should be, and they hereby are, approved and affirmed.