## BECK v. FEDERAL LAND BANK OF HOUSTON.

### No. 12878.

Circuit Court of Appeals, Eighth Circuit.

Jan. 17, 1945.

C. L. de Renthel, of St. Louis, Mo., for appellant.

Walter R. Brown, of St. Louis, Mo. (H. A. Berry and J. R. Murray, both of Houston, Tex., on the brief), for appellee.

Before GARDNER, WOODROUGH and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from an order of the District Court dismissing a petition for agricultural composition and extension under section 75, sub. c, of the Bankruptcy Act, as amended, 54 Stat. 40, 11 U.S.C.A. § 203, sub. c.

The dismissal was made on a motion of appellee, a secured creditor, alleging that appellant was not a farmer within the definition of section 75, sub. r. The order recites that "This cause came on for hearing upon the motion of The Federal Land Bank of Houston, secured creditor, and the same was argued by counsel, and upon consideration thereof It Is Now Ordered that said motion be sustained and this cause be and the same is dismissed."

Appellant charges that the court dismissed the petition without hearing any evidence on whether he was or was not a farmer, and that there thus was no legal basis for the order. The record before us does not show that any evidence was taken upon the issue, nor can the transcript on its face be said to be manifestly incomplete. Appellee has made no legal indication of a record omission, through the filing of a supplemental designation under Rule 75(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or a subsequent suggestion of diminution. There is no finding of fact by the court under Rule 52(a), implicative of evidence having been received, such as was the situation in Oriole Phonograph Co. v. Kansas City Fabric Products Co., 8 Cir., 34 F.2d 400, 401. Nor does the order contain a recital that the matter was heard on evidence, such as is frequently made, but, on the contrary, it declares that the motion came on for hearing and "the same was argued by counsel" and that "upon consideration thereof" the motion was sustained and the cause dismissed. And, the receipt of evidence is not so implicit in the hearing of motions generally as to require such an inherent assumption against the contents of the present record and the recital in the order, on appellant's direct attack.

Appellee, however, in its brief and argument, disputes the charge that the dismissal was made without hearing any evidence, and asserts that evidence was taken and that appellant has failed to include it in the record. If evidence actually was heard and considered on the motion and not included in the record, the assumption necessarily would be compelled that it was sufficient to support the order. But, as we have suggested, the form of the order and the contents of the record, as they stand, do not tend to the conviction nor compel the assumption that the motion here was heard upon more than the arguments of counsel.

We would not want, however, to be making a mechanical or useless reversal, if there was in fact a proper basis for the trial court's action. Whether the issue presented by the motion was actually determined on evidence is not a matter on which we should have to face conflicting assertions by counsel. So that we may be certainly advised, we shall remit the record to the trial court with the request that it supplement or amend its dismissal order to the extent of indicating if evidence was taken on whether appellant was a farmer. Compare United States v. Adams, 73 U.S. 101, 111, 112, 6 Wall. 101, 18 L. Ed. 792, and see also Twin City Milk Producers Ass'n v. McNutt, 8 Cir., 122 F.2d 564, 569; Id., 123 F.2d 396. The clerk of the District Court is requested to return the record, with the supplementing or amendment of the order included therein, duly certified, as soon as conveniently possible. Any clerk's fees or other costs in connection with the matter will be required to be paid by appellee, subject to the right of taxation on ultimate disposition. Jurisdiction will be retained to dispose of the appeal, when the record is returned, on the submission heretofore made, without further briefs or oral argument, unless subsequently ordered. United States v. Adams, supra; Twin City Milk Producers Ass'n v. McNutt, supra.

Record remitted to the District Court for supplementing or amendment, and jurisdiction reserved.