## JOSEPHS v. POWELL & CAMPBELL.

(Circuit Court of Appeals, Second Circuit. April 28, 1914.)

### No. 170.

BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTIONS—FALSE STATEMENTS OF ASSETS FOR CREDIT.

One who, to obtain credit, stated that his stock at cash price was worth $7,000, and was insured for $5,500, and that he had $100 cash on hand, that his liabilities on open account were $2,500, and that he owed for borrowed money $250, while as a fact he owed his father about $10,000, and to other relatives sums aggregating over $2,000, so that he was hopelessly insolvent, was guilty of making a false statement, barring on objections of creditors his discharge in bankruptcy, under Bankr. Act July 1, 1898, § 14b (3), as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1496), declaring that a bankrupt who has made materially false statements to obtain credit shall not receive a discharge, though two years later the undisclosed debts had been paid or released, and though the bankrupt, when making the statement, believed that his relatives would not press him for payment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

Appeal from the District Court of the United States for the Eastern District of New York.

In the matter of Isaac Josephs, bankrupt. From an order of the District Court (205 Fed. 548), granting a discharge to the bankrupt, Powell & Campbell appeal. Reversed.

William Lesser, of New York City, for appellants.
George B. Class, of New York City, for bankrupt.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The issue presented by the bankrupt's petition for a discharge, and the creditor's specifications in opposition thereto, were referred to a special commissioner. After taking proof he reported that the first specification, which charged the bankrupt with having made a false statement of his financial condition for the purpose of obtaining credit, was sustained by the proof and that the other specifications—two in number—were not sustained. Thereafter the District Judge permitted the bankrupt to obtain releases from the debts which he had failed to include in the statement of his financial condition which debts were due to his father and other relations. These releases having been subsequently filed, the court made an order granting a discharge to the bankrupt. We appreciate the motive of the District Judge in making an exception of this case because of its somewhat unusual circumstances, but we fail to perceive how this can be done without ignoring the provisions of the Bankruptcy Act. To do so will establish a precedent which will enable a bankrupt to avoid the consequences of a false statement by showing that though false at the time it was made, it might have been made truthfully several months thereafter. The law—section 14b (3)—explicitly says that a

bankrupt shall not receive a discharge if he has made a materially false statement in writing for the purpose of obtaining credit.

In June, 1911, this bankrupt made a statement for the purpose of obtaining credit, in which he stated that his stock, at cash price, was worth $7,000 and was insured for $5,500. He also stated that he had $100 cash on hand and that his liabilities on open account were $2,500 and that he owed for borrowed money $250.

The commissioner finds that at this time he owed his father about $10,000 and to other relatives sums aggregating over $2,000. In other words, he was hopelessly insolvent and could not have paid his creditors 50 cents on the dollar. How can we overlook so plain a case of false representations? Were not those who were asked to extend credit to the bankrupt entitled to know that he owed $12,000 to his relatives? Is it likely that any one would have extended credit had he known that the bankrupt was insolvent to the extent of $7,000? There is no doubt that the bankrupt made a materially false statement for the purpose of obtaining credit. The moment this was done the bar to a discharge, if the creditors chose to assert it, was absolute. The bankrupt had done an act which prevented his obtaining a discharge. The fact that two years afterwards these debts had been paid or released or that when the statement was made the bankrupt believed that the relatives to whom he owed money would not press him for payment in no way mitigates the falsity of the statement when it was made.

Being convinced that the statement of June 9, 1911, which was given to obtain credit, was materially false, we think the discharge should be refused.

The order granting the discharge is reversed with costs.