---

In re ROWE.

(District Court, E. D. New York. February 27, 1917.)

**1. BANKRUPTCY ☞415(2)—OPPOSITION TO DISCHARGE—SPECIAL COMMISSIONER—REPORT—FORM.**

A report by the special commissioner on specifications opposing a discharge in bankruptcy, which was in the form of an opinion, need not be returned for particular findings of fact and conclusions of law, since a report in that form is generally of more value than in the other form.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 702, 705, 706, 708, 719.]

**2. BANKRUPTCY ☞415(3)—OPPOSITION TO DISCHARGE—REPORT OF SPECIAL COMMISSIONER—ACTION BY COURT.**

The court will not overrule the findings of the special commissioner on specifications opposing a discharge in bankruptcy, if there is any evidence upon which they are based, unless the conclusions are contrary to law, or the entire issue leads to a different construction of some of the acts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–701, 704, 707.]

**3. BANKRUPTCY ☞408(2) — DISCHARGE — FALSE STATEMENT — DECREASING CLAIM.**

Where a bankrupt, in making his schedules, stated the claim of one creditor, who was supposed to have some security, as much smaller than it was, and the creditor was not estopped to claim the full amount, the false statement of financial condition was sufficient ground to deny the discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 733, 734.]

In Bankruptcy. In the matter of Perry B. Rowe, bankrupt. On objections to the discharge of the bankrupt. Discharge denied.

James L. Robinson, of New York City, for trustee.
Hooley & Wilson, of Rockville Center, N. Y., for bankrupt.

CHATFIELD, District Judge. Specifications of objection have been passed upon by a special commissioner, who has overruled or dismissed some of the objections, and found some of them sustained. It is generally objected to the report that the commissioner has not made separate findings of fact and of law, but has, instead, stated his general findings in the nature of an opinion.

[1, 2] Experience has proven that a report in the form of an opinion, such as has been used in admiralty and equity and is customary in bankruptcy, is generally of more value than enumerated statements of fact and conclusions of law, which require extensive exceptions in the nature of a pleading, if confirmation is opposed. A simple motion to

confirm a report, in the form of an opinion, allows argument of any question involved. Further, the District Court will not overrule the findings of the commissioner, if there is any evidence upon which those findings are based, unless the conclusions are contrary to law, or unless consideration of the entire issue leads to different construction of some of the acts involved. It will be held, therefore, that there is no necessity for returning the report, or for more particular findings.

As to the objections, much testimony has been taken, and the report of the commissioner constitutes a document of 24 pages. One main objection is that the bankrupt kept no sufficient books of account. While it appears that the bankrupt was exceedingly careless, and had no proper business training, there is evidence to support the finding of the commissioner that an utter failure to keep (other than by check stubs) any record of extensive business dealings, and complete lack of care with respect to the returned vouchers and check books themselves, when viewed from the general methods of business of this bankrupt, show his entire disregard for his creditors' rights, and indicate an intent to preserve no record of his transactions, rather than a purely haphazard method of business.

The various charges of false oath have each to do with a matter which shows disregard by the bankrupt of the rights of his creditors, as well as indifference to the responsibility placed upon him when called as a witness. The court could overlook the failure of the witness to understand the necessity of being accurate and careful when testifying, if he did not show disregard for the truth so far as his creditors were concerned. It is unnecessary to examine in detail and to enumerate each specification which the commissioner has sustained. They are, in general, sufficiently supported by the testimony, to make it unnecessary to see if some particular one might not be cleared up by the bankrupt.

[3] In making up his schedules, the bankrupt attempted to decrease certain claims to one Dr. Vliet, who has been made receiver in bankruptcy. It appears, however, that his claim was much larger, that Dr. Vliet was supposed to have some security, and the bankrupt later filed an amended schedule showing the true amount of the indebtedness. Unless the creditor (Vliet) could have been successfully estopped, and his claim held down to the lower amount, it would seem that the attempt by the bankrupt to falsely state his financial condition would be sufficient ground for denial of discharge. Josephs v. Powell & Campbell, 213 Fed. 627, 130 C. C. A. 291.

Upon the whole case, it is evident that the report recommending a denial of the discharge is in accord with the situation, and the specifications held sustained by the commissioner are found to have been substantiated.

The discharge will be denied.