**In re ERNST.**

**No. 63.**

Circuit Court of Appeals, Second Circuit.

Nov. 6, 1939.

Goddard & Leighton, of New York City (David Q. Cohen, of New York City, of counsel and on the brief), for appellant.

Duberstein & Schwartz, of Brooklyn, N. Y. (Max Schwartz and Samuel C. Duberstein, both of Brooklyn, N. Y., on the brief), for bankrupt-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant is a creditor who filed specifications of objection to the granting of an application made by the bankrupt for a discharge.

The specifications alleged, and the evidence in support proved, that the bankrupt in May, 1938, made a materially false statement in writing showing his financial condition to the National City Bank in New York for the purpose of obtaining money on credit. He did this in a co-maker's application to the bank to induce it to make a loan of which William Schwartz had the proceeds. He made another such co-maker's application in January, 1938, to the same bank for the purpose of obtaining a loan the proceeds of which were to go to one Joseph Frank. This statement was also false in material respects. Both loans were made. His voluntary petition in bankruptcy was filed July 12, 1938, when the Schwartz loan was fully paid and the Frank loan was not yet due.

There was evidence that the bank made some investigation of its own before each loan was made and both the referee and the judge felt that this precluded reliance upon the bankrupt's false statements. The discharge was accordingly granted.

Sec. 14, sub. b(3), of the Bankruptcy Act (Chandler Act 14, sub. c.(3), 11 U.S.C. A. § 32, sub. b(3) is a bar to the bankrupt's discharge under the circumstances shown. There was a misconception below of the evidentiary effect of the testimony and the legal significance of the facts proved. The evidence was both undisputed and inherently probable that the bank relied both on the statements made by the bankrupt and on its own investigations in making the loans which apparently did not cover all the representations made in the statements. It was amply shown that it would not have made the loans unless the statements had been given to it as a basis for its action. Reliance upon the false statements in connection with the other information obtain-

ed was enough. Mullen v. First Nat. Bank, 10 Cir., 57 F.2d 711; Matter of Applebaum, 2 Cir., 11 F.2d 685.

Concurrent findings of fact by the referee and the judge will ordinarily be accepted on appeal. In re Euclid Doan Co., 6 Cir., 104 F.2d 712; In re Slocum, 2 Cir., 22 F.2d 282. But not where a mistake is clearly shown. In re Hoffman, 7 Cir., 82 F.2d 58; In re Gordon & Gelberg, 2 Cir., 69 F.2d 81; In re Byrd Coal Co., 2 Cir., 83 F.2d 190.

It is of no moment that one of the loans was paid before bankruptcy. Josephs v. Powell & Campbell, 2 Cir., 213 F. 627; nor that the bank is not opposing the discharge; In re Weinstein, D.C., 34 F.2d 964; nor that the bankrupt did not himself receive the proceeds of the loans. In re Dresser & Co., D.C., 144 F. 318. Affirmed, 2 Cir., 145 F. 1021.

Order reversed.