District Court, S. D. New York.

June 17, 1940.

## In re BOYD.

No. 35450.

District Court, E. D. New York.

Jan. 15, 1940.

Corrine C. Waterman, plaintiff in person.

696

Warren J. Dyckman, of Jamaica, N. Y., for objecting creditor.

Jacob Salzman, of Far Rockaway, N. Y., for bankrupt.

INCH, District Judge.

The bankrupt applied for his discharge. The Personal Finance Company of New York, a creditor, filed specifications of objections. No exceptions were filed. The matter was referred to the referee to take testimony and report.

The referee filed his report recommending that the objections be dismissed and the bankrupt discharged. The attorney for the bankrupt moves for an order confirming such report. The attorney for the objecting creditor moves for an order rejecting the report and denying the discharge. Both motions are decided in this decision.

There is little or no dispute about the facts. The bankrupt obtained the money in the form of a loan from the Personal Finance Company, by means of a written statement respecting his financial condition. The issue is whether or not such statement was a materially false one. In my opinion there is no question but that it was a materially false statement.

Of course, there may occasionally arise some trifling error in a statement of this kind due to a plain mistake or for some other immaterial reason but no such thing occurred here.

The bankrupt stated that the only other debt that he owed was that due to the Morris Plan Bank and as to this he put it at $156, instead of $180. Such a difference, when obtaining a loan in the circumstances here, may or may not be immaterial. But he made no mention of the fact that he also owed a material balance to a department store and a substantial debt of some $60, to a motors company. Nor did he disclose that he was a co-maker and indorser on other loans made to him and others by the Morris Plan Bank. The sum total of these debts, including the one disclosed by him, amounts to approximately $545.

The learned referee apparently had some hesitation in overlooking such situation, for his conclusion is, "I find said statement to be substantially true". The adverb "substantially" would seem to indicate that the referee meant that the statement was "in the main" true.

Even this would not be sufficient. The statement must be either true or false and it was plainly false. In re Ernst, 2 Cir., 107 F.2d 760.

There can be no doubt that, in spite of the referee's rulings on admission of evidence, sufficient proof exists of reliance on the statement.

The report of the referee is rejected and the discharge denied.