

## In re PINE.
### No. 39857.

District Court, E. D. New York.

Aug. 16, 1941.

Herman B. Zipser, of New York City, for trustee, for the motion.

Max K. Ehrlich, of Brooklyn, N. Y., for bankrupt, opposed.

CAMPBELL, District Judge.

This matter comes before this Court on a motion, made on behalf of the trustee, for an order confirming the order of the Referee, dated July 8th, 1941, and dismissing the petition for review herein, and on the cross motion, made on behalf of the bankrupt, for an order granting the petition for review and vacating and setting aside the order of the Referee dated July 8th, 1941, denying the discharge of Max Pine, the bankrupt.

The specifications of objection to the discharge of the bankrupt were three in number, the first and third containing several subdivisions.

The Referee overruled and dismissed the first and third specifications of objection to the bankrupt's discharge, but sustained the second specification, which was on the following alleged grounds.

"2. For the reason that the bankrupt on or about the first day of March, 1939 obtained a loan of money from the Food Dealers Industrial Bank, 89 Osborn Street, Brooklyn, New York by making a materially false statement in writing respecting his financial condition wherein he stated that he had no debts when actually he was indebted to numerous creditors, the names of many of whom are set forth in the bankrupt's petition herein."

The Referee, in his said order of July 8th, 1941, which it is sought to review herein, in part, provided as follows: "Ordered, adjudged and decreed that specification #2 of the specifications of objections to discharge, which were duly filed herein, is sustained, and that the bankrupt has made a materially false statement in writing respecting his financial condition wherein he stated that he had no debts and made no loans with any other company when actually he was indebted to the Manufacturer's Trust Co. and National City Bank on an unpaid loan and to numerous other creditors."

That the bankrupt at the time of making such financial statement was indebted on an outstanding loan to the Manufacturer's Trust Company is not denied, but the bankrupt says he did not remember it at the time he made the financial statement.

It seems clear to me that the bankrupt must be in error when he offers that, as an explanation, as he was paying off the note in installments, and finished paying after making the financial statement in question.

The testimony of the manager of the Borough Park Branch of the Food Dealers Industrial Bank, is, that the Bank relied on the financial statement of the bankrupt, and would not have made the loan without it.

The bankrupt, when he made the statement, knew that the obligations to the said bank existed, and could be enforced against him, and that is all that is necessary to sustain a denial of his discharge.

The said financial statement, of the bankrupt, was not only incorrect, but materially false, within the meaning of Section 14, sub. c(3) of the Bankruptcy Act, 11 U.S. C.A. § 32, sub. c(3), and that sustains a denial of his discharge. Morimura, Arai & Company v. Taback, 279 U.S. 24, 49 S.Ct. 212, 73 L.Ed. 586.

The bankrupt's attorney lays much stress upon the fact that there was but $54 due on the bank loan, but we must not forget, that the bankrupt's debts amounted at the time of the bankruptcy to but $1,218.85.

Furthermore, it is not of moment that one of the loans was paid before bankruptcy. In re Ernst, 2 Cir., 107 F.2d 760; Josephs v. Powell & Campbell, 2 Cir., 213 F. 627.

It is not of moment that the bank is not opposing the discharge. In re Weinstein, D.C., 34 F.2d 964.

Of course, the bankrupt would be assumed to owe something to merchandise creditors, but in making a loan to the bankrupt it was of special interest to the bank, that was making the loan, whether the bankrupt was finding it necessary to borrow money.

The financial statement of the bankrupt in question also contained the answer "No" to the question "What is the total amount of your debts." That was not true.

I am not unmindful of the testimony of the manager, of the bank, with reference to that question, but the fact remains, that the question is in the statement, and so is the answer, and the evidence does not show that the answer was placed in the statement after signing, but it seems clear to me that it was there when the bankrupt signed the statement, and not only was the bankrupt indebted to merchandise creditors, as appears from the schedules, but also to his uncle Philip Pine on a chattel mortgage in the sum of at least $600.

I am not unmindful of the liberality accorded a bankrupt applying for a discharge, but it does not go to the extent of giving a discharge when the bankrupt has knowingly made a materially false financial statement in writing.

The second specification of objection has been sustained, and the order of the Referee denying the bankrupt a discharge, which it is sought to review herein, is confirmed, and the petition to review herein, is overruled and dismissed.