522

## SPRUILL v. CRAWFORD.
### No. 6258.

United States Court of Appeals for the
District of Columbia.
Argued Dec. 10, 1934.
Decided Dec. 31, 1934.

Georgia M. Spruill, in pro. per.

E. Barrett Prettyman, Corp. Counsel, and Thos. Gillespie Walsh, Asst. Corp. Counsel, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

It appears from the record that on May 6, 1932, the appellant, as plaintiff, filed a declaration in the lower court against appellee, as defendant, charging defendant with "unlawfully taking and detaining" certain described goods and chattels consisting of several hundred articles of furniture and household equipment belonging to plaintiff of the value of $5,000. Plaintiff prayed that the chattels "be taken from the defendant and delivered to her; or, if they are eloigned, that she may have judgment of their said value, and all mesne profits and damages, which she estimates at $5,000, besides costs."

The defendant in his plea alleged that he is the chief clerk, also the property clerk, of the Metropolitan Police Department of the District of Columbia, appointed and acting under section 502 et seq., title 20, 1929 D. C. Code, p. 234; that on November 24, 1930, the property in question came into his custody as such clerk, and not otherwise, after it had been abandoned on a public sidewalk in the District of Columbia; that the property has since remained in storage save and except certain articles released to plaintiff at her instance and request and receipted for by her; that defendant as property clerk has been ready and willing to release and deliver the property to the rightful and lawful owner thereof; that defendant prays that the property be released and transferred to its rightful and lawful owner, subject, however, to such charges as may be found due for the storage of the same and that plaintiff's suit be dismissed and satisfied without costs to the defendant.

The cause remained at issue without trial until June 9, 1933, when it was dismissed by order of the court for want of prosecution. On August 21, 1933, however, an order was entered setting aside the dismissal of the case and it was restored to the docket.

On November 28, 1933, the defendant filed a motion praying the court to advance the cause for hearing and trial on the ground that the delay and failure of plaintiff to diligently prosecute the cause was causing increased expense to the Metropolitan Police Department of the District of Columbia in caring for the property. In the affidavit supporting this motion the defendant claimed, among other things, that he as property clerk, "has been ready and willing to release and transfer the said property to the right and lawful owner; that the said Georgia M. Spruill, while she has contended to be the rightful and lawful owner, has refused to receive and receipt for the said articles of furniture on several occasions and continues to refuse to accept the said articles of furniture or to receipt for them and has likewise failed to diligently prosecute the above entitled cause of action; all of which conduct on the part of the plaintiff has resulted in expense and continues to result in additional expense to the Metropolitan Police Department of the District of Columbia."

The cause was accordingly advanced upon the docket and a trial was had to the court and jury. A verdict for the defendant was returned by the jury and the court entered judgment accordingly. From this judgment the present appeal was taken.

The record, however, does not contain any of the testimony introduced at the trial, nor does it show any objection or exception then taken by the plaintiff to any ruling of the court upon any question arising in the case, nor does the record contain any bill of exceptions. We are therefore unable properly to review the questions arising at the trial and cannot do otherwise than affirm the judgment of the trial court.

We may note that in the brief filed by the appellee in this court the following statement appears: "The appellee is now and has always been ready and willing to release and deliver to the appellant all the furniture and property which is in his custody as property clerk of the police department provided only that she will sign and receipt for the same."

The judgment of the lower court is affirmed.