## AUZENNE et al. v. AMERICAN BOOK BINDERY CO.

No. 6351.

United States Court of Appeals for the District of Columbia.

Argued April 4, 1935.

Decided May 6, 1935.

· Henry Lincoln Johnson, Jr., of Washington, D. C., for plaintiffs in error.

Edwin C. Brandenburg and Louis M. Denit, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

In this case we are called upon to review the record of a judgment entered against the plaintiffs in error by the municipal court of the District of Columbia.

The case was begun by the filing of a declaration in which the American Book Bindery Company, as plaintiff, sued Gustav Auzenne, George Butler, and George Handy, as defendants, for money alleged to be due from them upon a contract whereby one Harry Horton, trading under the name of Precision Publishing Company, contracted to print for the defendants 250 copies of a certain publication to be known as "1933 'Bison' Howard University" for the sum of $1,200. It is alleged in the declaration that Horton complied with the terms of his contract and that the defendants paid to him the sum of $425 upon the contract price, leaving due and owing to him the sum of $775, which remains wholly unpaid. And that afterwards Horton assigned the balance due on the contract to the plaintiff, and plaintiff remains the owner and holder thereof.

A copy of the contract was filed with the declaration and referred to by it containing in detail the terms of the agree-

ment. The contract purports to be between "1933 'Bison' Howard University" and the Precision Publishing Company, and was signed "Per Gustav Auzenne, Jr., Faculty Adviser; Per George Butler, Editor-in-Chief; Per George Handy, Business Manager." It contained also the following stipulation: "The signatories hereto assume personal responsibility for the payment of this obligation."

A demurrer to the declaration and a motion to strike were filed by the defendants, both of which were overruled by the court. The defendants thereupon filed a plea wherein they averred that they signed the contract on behalf of "1933 'Bison' Howard University" and at its direction and as its agents; and that they did not become personally liable thereon; and, moreover, that Horton did not discharge the terms of the contract but failed to deliver the books which were contracted for, in accordance with the requirements of the contract; and that the books were not delivered within the stipulated time, and were defective because of numerous omissions, misprints, and errors of arrangement contained in them. The defendants claimed that by reason of these facts the "1933 'Bison' Howard University" was damaged in the sum of $974.15.

A replication was filed by plaintiff to the plea of defendants, wherein plaintiff denied that there were any defects in the books when delivered, and alleged that the same were delivered promptly and in proper condition in accordance with the terms of the contract.

■ The record does not state that "1933 'Bison' Howard University" is a corporation, partnership, or other legal entity, but it seems probable that it is simply the name given to the publication in question. The obligation of personal responsibility assumed by the signatories tends to identify them as the principals in the contract.

The issue went to trial before the judge of the municipal court without a jury, and judgment was entered for the plaintiff against the defendants in the sum of $675 with interest and costs.

■ The controlling questions raised by the record are questions of fact. The record, however, contains no bill of exceptions, nor statement of evidence by the lower court, and we are therefore unable to review the court's decision thereon. Consequently, we find ourselves constrained to affirm the judg-

ment of the lower court with costs. Darby v. Montgomery County Nat. Bank of Rockville, Maryland, 63 App. D. C. 313, 72 F. (2d) 181.

Affirmed.