J. T. PRITCHETT, TRUSTEE, v. J. C. TOLBERT, SHERIFF OF CALDWELL COUNTY.

(Filed 4 November, 1936.)

1. **Assignments for Benefit of Creditors B a—Judgment held not a preference within meaning of C. S., 1611.**

    A judgment duly rendered by a court of competent jurisdiction against a debtor assigning his property to a trustee for the benefit of creditors is not a transfer or conveyance of property by the assignor, although the judgment is rendered within four months prior to the assignment to the trustee, and the judgment is not a preference prohibited by C. S., 1611, and will not be declared void upon suit of the trustee.

2. **Assignments for Benefit of Creditors C c—Execution on personalty prior to registration of deed of assignment creates prior lien.**

    Where a valid judgment is rendered within four months prior to an assignment for benefit of creditors by the judgment debtor, and execution is issued thereon and personal property of the debtor levied upon prior to the registration of the deed of assignment, the judgment is a lien upon the personal property levied upon prior to the title of the trustee in the deed of assignment.

APPEAL by defendant from *Warlick, J.,* at May Term, 1936, of CALDWELL. Reversed.

This is an action to restrain and enjoin the defendant from proceeding under executions which were issued to him as sheriff of Caldwell County by the clerk of the Superior Court of said county to satisfy certain judgments which were rendered against J. Roy Moore and Mrs. Lillie Moore, trading as Lenoir Book Store, in favor of certain of their creditors.

It is alleged in the complaint that the judgments on which the executions were issued were rendered and docketed in the office of the clerk of the Superior Court of Caldwell County within four months next preceding 6 May, 1936, and that the executions which are now in the hands of the defendant were issued on said day.

It is further alleged in the complaint that on 6 May, 1936, J. Roy Moore and Mrs. Lillie Moore, trading as Lenoir Book Store, executed a deed of assignment by which they conveyed to the plaintiff J. T. Pritchett, trustee, all their property, real and personal, for the benefit of their creditors, and that plaintiff has accepted the trusts imposed upon him by said deed of assignment, and is now engaged in the performance of his duties as trustee under the said deed.

The action was heard on an order which was duly served on the defendant to show cause, if any he had, why the temporary restraining order made in the action should not be made permanent.

At the hearing, it was found by the court that the judgments on which the executions now in the hands of the defendant were issued were all rendered and docketed in the office of the clerk of the Superior Court of Caldwell County within four months next preceding the date of the deed of assignment executed by J. Roy Moore and Mrs. Lillie Moore, trading as Lenoir Book Store, to the plaintiff. On this finding, the court was of opinion that both the judgments on which the executions were issued and the executions in the hands of the defendant are void, and accordingly ordered and adjudged that the defendant be and he was restrained and enjoined from proceeding under the executions issued on said judgments.

The defendant excepted and appealed to the Supreme Court, assigning error in the judgment.

*W. H. Strickland for plaintiff.*
*Thomas L. Warren and B. F. Williams for defendant.*

CONNOR, J. At the trial of this action in the Superior Court, the plaintiff contended that the judgments on which the executions in the hands of the defendant were issued, having been rendered and docketed

in the office of the clerk of the Superior Court, within four months preceding the date of the voluntary deed of assignment for the benefit of creditors, which was executed by the judgment debtors to the plaintiff, were preferences, under C. S., 1611, and for that reason were void. This contention was sustained by the judge. In this there was error.

C. S., 1611, is as follows: "It is the duty of the trustee to recover, for the benefit of the estate, property which was conveyed by the grantor or assignor in fraud of his creditors, or which was conveyed or transferred by the grantor or assignor for the purpose of giving a preference. A preference, under this section, shall be deemed to have been given when property has been transferred or conveyed within four months next preceding the registration of the deed of trust or deed of assignment in consideration of the payment of a preëxisting debt, when the grantee or transferee of such property knows or has reasonable ground to believe that the grantor or assignor was insolvent at the time of making such conveyance or transfer."

There is nothing in this statute to sustain the contention of the plaintiff. Where a judgment for the recovery of money has been rendered by a court of competent jurisdiction, and the judgment has been duly docketed in the office of the clerk of the Superior Court of the county in which the judgment was rendered, the judgment is not a preference under the provisions of C. S., 1611, although within four months after the date of its rendition or docketing, the judgment debtor executes a voluntary deed of assignment for the benefit of his creditors, by which he conveys all his property, real or personal.

The judgment in the instant case is reversed. The action is remanded to the Superior Court of Caldwell, where such further proceedings may be had as either of the parties may desire.

If, in the instant case, as alleged by him in his answer, the defendant levied upon the personal property described in the complaint, under the executions in his hands, prior to the registration of the deed of assignment under which the plaintiff claims title to said property, the judgments on which the executions were issued are liens upon said personal property, from the date of the levy, having priority over the plaintiff's title to said property. In that case, the temporary restraining order should be dissolved.

Reversed.