## STURHAHN v. GENERAL HOUSEHOLD UTILITIES CO.

No. 8542.

Circuit Court of Appeals, Fifth Circuit.

Oct. 15, 1937.

M. E. Kilpatrick and A. S. Clay, both of Atlanta, Ga., for appellant.

Robert S. Sams, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the District Court dismissing, for want of jurisdiction, appellant's petition in an action for damages instituted against appellee, a nonresident, by attachment proceedings, the trial having proceeded to the conclusion of appellant's introduction of evidence, and appellee having moved for a nonsuit because of an alleged variance between pleadings and proof.

The record here contains only the pleadings and judgment of dismissal together with a transcript of the oral opinion and ruling of the court below, and an order making the same a part of the record. From this it appears that at some time during the trial the court concluded that it did not have jurisdiction because, at the time the attachment was sued out, appellee was undergoing reorganization in another court under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). At the time the ruling was made, the court had before it a proposed amendment to the declaration in attachment, as well as the abovementioned motion for a nonsuit. The order recites that the dismissal is for want of jurisdiction, but neither the order nor the opinion discloses whether the court reached its conclusion from the pleadings or the evidence. Since the record does not disclose the evidence upon which the ruling of the court may have been based, and which may have supported it, we cannot say that the court was in error. Spruill v. Crawford, 64 App.D.C. 118, 75 F.(2d) 522; certiorari denied, 294 U.S. 714, 55 S.Ct. 513, 79 L.Ed. 1247; Turner v. Board of Public Instruction (C.C.A.) 75 F.(2d) 147.

It is urged that the legal conclusion upon which the judgment is based is shown

by the opinion of the court to have been based upon facts set out in the pleadings. However, the opinion does not so state. While jurisdiction of the court may not have been wanting solely because of the pendency of the bankruptcy proceeding, we must assume, in the absence of a bill of exceptions, that the facts were before the court which showed a lack of jurisdiction. Auzenne v. American Book Bindery Co., 64 App.D.C. 330, 78 F.(2d) 214; American National Red Cross v. Raven Honey Dew Mills (C.C.A.) 74 F.(2d) 160.

The judgment appealed from is affirmed.