## BECK v. FEDERAL LAND BANK OF HOUSTON.

### No. 12878.

Circuit Court of Appeals, Eighth Circuit.
March 29, 1945.

C. L. de Renthel, of St. Louis, Mo., for appellant.

Walter R. Brown, of St. Louis, Mo. (H. A. Berry, of Houston, Tex., and J. R. Murray, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

PER CURIAM.

Our previous opinion, 146 F.2d 623, directed that the record be remitted to the district court, for supplementing or amendment of the order of dismissal, to indicate if evidence had been taken on whether appellant was a farmer. We retained jurisdiction to dispose of the appeal, after the record was returned, on the submission theretofore made.

The record has now been returned to us, with a supplement containing an amended order of dismissal, showing that appellant's petition was dismissed after a hearing and consideration of some testimony given by appellant before the conciliation commissioner, a transcript of which was exhibited and read to the court without objection, and also of some admissions made by appellant's counsel in relation thereto in open court; that from this evidence the court determined at the time that title to the land involved had been conveyed to appellant, after foreclosure became imminent, by his two sisters, who continued to occupy and operate the farms, and that

appellant "was not bona fide primarily and personally engaged in farming operations, or in the production of agricultural products, and he did not then derive the principal portion of his income from said farms" and "was not a farmer within the meaning of Section 75 of the Bankruptcy Act, as amended," 11 U.S.C.A. § 203; and that on the basis of these facts the court concluded that it was without jurisdiction of the proceeding and that the petition must be dismissed.

The amended order of dismissal thus conflicts directly with the charge made in appellant's brief and in his oral argument that there was nothing before the district court to show that appellant was not a farmer. Appellant still adheres to his original contention and has tendered another memorandum brief since the amendment of the dismissal order, in which he declares that "there was not one scintilla of competent evidence adduced." What appellant's concept of evidence or competent evidence may be we do not know, but it is clear that the mere assertion in his brief and argument, without more, that the dismissal order was not based on evidence, is not sufficient to impeach the verity of the recitals and findings in the amended order. Cf. Pratt v. Stout, 8 Cir., 85 F.2d 172, 176; Pulaski-Lonoke Drainage Dist. v. Missouri Pac. R. Co., 8 Cir., 44 F.2d 899, 901 (judgment reversed, 8 Cir., 47 F.2d 1085, on subsequent proof in certiorari that there was no evidence before the trial court); Spruill v. Crawford, 64 App.D.C. 118, 75 F.2d 522; Leonard v. Field, 9 Cir., 71 F.2d 483, 487; Federal Surety Co. v. Bentley & Sons Co., 6 Cir., 51 F.2d 24, 26, 78 A.L.R. 1041. On the record now before us, as against appellant's bare assertions, we must assume that the dismissal order was based upon proceedings and evidence in the district court which appellant has failed to include in the record on appeal. As indicated in our previous opinion, 146 F.2d at page 624: "If evidence actually was heard and considered on the motion [to dismiss] and not included in the record, the assumption necessarily would be compelled that it was sufficient to support the order." The judgment of dismissal must accordingly be affirmed.

For purposes of this disposition, the parties will not be required to print the supplement to the record which has been certified by the clerk of the district court and has been permitted to be filed pursuant to

our previous order. Appellant has tendered 'a transcript of the proceedings had in the district court on the amendment of the dismissal order, together with an additional memorandum brief, which likewise will be permitted to be filed without printing. All costs in connection with the appeal will be taxed to appellant.

Affirmed.