Merrimack,
No. 4464.

DELBERT M. PITMAN *v.* C. CARROLL CUNNINGHAM & a.

Argued December 6, 1955.

Decided December 21, 1955.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the plaintiff.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for Donald R. Pitman, intervenor.

*Sulloway, Jones, Hollis & Godfrey* and *Joseph S. Ransmeier* (*Mr. Ransmeier* orally), for the defendant.

KENISON, C. J. The underlying issue in this case is whether New Hampshire grants immunity from service of civil process to nonresident attorneys. The question was expressly left open in *Ela* v. *Ela*, 68 N. H. 312, 314, and the cases in other jurisdictions are in conflict. Anno. 71 A. L. R. 1399. In the present case we are not concerned with the problem of privilege from arrest and are limited to considering the privilege from service of civil process that should be extended to nonresident attorneys. *Woods* v. *Davis*, 34 N. H. 328. Since this matter is not regulated by statute and not governed by any precedent in this state, we may accept or reject the privilege as a matter of policy.

It is well settled in this state that nonresident "witnesses and nonresident parties as witnesses are privileged from arrest or summons upon civil process while in attendance upon, going to, or returning from the trial of a cause in the courts of this state, and an action thus begun is subject to abatement for want of proper service." *Martin* v. *Whitney*, 74 N. H. 505, 506. See also, *Dolber* v. *Young*, 81 N. H. 157, 158, and *Dickinson* v. *Farwell*, 71 N. H. 213, 214. The privilege is not established for the benefit of the witnesses "but to protect the administration of justice." *State* v. *Buck*, 62 N. H. 670.

It is noted that in some of the cases where immunity to the attorney has been considered the attorney was also a party or a witness. *Durst* v. *Tautges*, 44 F. (2d) 507. In other cases where immunity was recognized it was not applied to the particular factual situation and it was clearly indicated that the privilege should not be enlarged or extended. *Lamb* v. *Schmitt*, 285 U. S. 222, 225. Other jurisdictions have extended the privilege to attorneys for historical reasons or because they could see no difference between the attorney's privilege and that of witnesses and parties. *Brooks* v. *State*, 3 Boyce, (Del.) 1; *Read* v. *Neff*, 207 Fed. 890, 892; *Hoffman* v. *Bay Circuit Judge*, 113 Mich. 109; *Ada Dairy Products* v. *Superior Court*, (Okla.) 258 P. (2d) 939.

Those decisions which deny the privilege to nonresident attorneys do so because they see no substantial relation between the privilege and the proper and efficient administration of justice. Anno. 71 A. L. R. 1399. *Paul* v. *Stuckey*, 126 Ark. 389. In the circumstances of this case we are unable to see how in modern day practice

the service of civil process on nonresident attorneys can be said to interfere with the dignity and authority of the court and administrative agency or with the performance of their duties. *State* v. *Tautges,* 146 Neb. 439. While the cases are not numerous, this is generally the view of commentators who have considered the problem (41 Yale L. J. 1089; 32 Cornell L. Q. 471) and there appears to be an increasing tendency to consider the reasons whether all exemptions from service of civil process should not be restricted. 26 Ind. L. J. 459. Without detailing all the cases that have been carefully briefed by counsel we subscribe to the reasoning which has been set forth in some detail in the Nebraska case cited above. There has been no trend in this state to extend any privilege from service of civil process unless there was some compelling reason to do so. *Bartlett* v. *Blair,* 68 N. H. 232. In the absence of some definite public benefit to be gained by the extension of the privilege to nonresident attorneys, we refuse to adopt it in 1955 merely because the privilege existed at the time of Blackstone. In the present case the defendant attorney entered the state voluntarily and without compulsion of any kind unlike that of a witness or party who is summoned into court. See 1 Beale, Conflict of Laws, *ss.* 78.1, 78.5. Accordingly the order is

*Exceptions overruled.*

All concurred.