**Jack PINKSTON, Appellant,**

v.

**Nicholas M. CARTER, Appellee.**

**No. 2349.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 9, 1959.
Decided May 1, 1959.

As Modified on Denial of Rehearing June 3, 1959.

3.  144 F.Supp. at page 676.

Jack Pinkston, Silver Spring, Md., appellant, pro se.

James P. Donovan, Washington, D. C., for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

On a traverse to the answer of a garnishee there was a trial, and plaintiff was awarded judgment. Garnishee brings this appeal.

Plaintiff had sued and obtained judgment for $1,286.50 against Holiday Homes, Inc., for breach of a building contract. On that judgment he issued an attachment against Jack Pinkston, the attorney who had appeared for defendant. Mr. Pinkston moved to quash the attachment and also answered the interrogatories exhibited to him by denying that he had in his possession any money, property or credits of the judgment defendant. After certain motions and other proceedings (to which we shall refer later), trial was had on the issues presented by garnishee's answer and plaintiff's traverse thereto, as provided by Code 1951, § 16-317. The trial court made written findings of fact and conclusions of law, decided for plaintiff, and ordered garnishee to pay the amount of the judgment.

■ We give our first attention to a jurisdictional question raised by garnishee-appellant. At trial he contended that he was not accountable to plaintiff because in acquiring assets and funds of the judgment defendant he had acted as trustee for the benefit of creditors. Appellant says that because the trusteeship involved transactions totalling some $35,000, which is in excess of the trial court's jurisdiction, it had no right to "adjudicate title" to the total fund. He also says that under Code 1951, § 28-2602 such a trust is to be executed under the supervision and control of the United States District Court. These arguments have no validity here. The trial court did not administer or supervise a trust; nor did it make any attempt to decide what should be done with the corpus of the general trust fund. In a dispute between plaintiff and garnishee, involving much less than its $3,000 jurisdiction, the court decided that there were funds in the hands of garnishee which should be subjected to

payment of plaintiff's judgment. This the trial court clearly had a right to do.

■ Appellant charges there was error in denying his motion to quash the attachment. The motion asserted that service of the attachment was void because made while garnishee, a nonresident, was attending court in a representative capacity in another cause. (The garnishee is a Maryland lawyer with offices in nearby Silver Spring.) At trial this contention was renewed by his attorney, but no testimony was taken on the motion to quash, and the record indicates no offer of proof in support thereof. We refer to what seems to be the general rule, that a nonresident attorney who voluntarily enters a jurisdiction to conduct legal business is not immune from service of civil process. See Pitman v. Cunningham, 100 N.H. 49, 118 A.2d 884, and cases there cited.

Next we consider appellant's contention that he was entitled to be discharged as garnishee because plaintiff's traverse was filed out of time. A rule of the trial court provides:

"After the filing of the answer of a garnishee, he may give notice thereof to the party at whose instance the garnishment was issued, and if such party shall not join issue thereon within 5 days after such notice, the garnishee shall be entitled as of course to judgment in accordance with his answer, unless the time shall be extended by the court." Mun.Ct.Civ.R. 69(e).

■ It is true that plaintiff's traverse was not filed within the five-day period mentioned in the quoted rule. But it is also true that along with his answer garnishee had interposed a motion to quash, charging invalid service of process. This challenged the jurisdiction of the court over garnishee's person and had the effect of staying further action on the merits by either party until the jurisdictional question was settled. If the motion were granted there would be nothing for plaintiff to traverse. Not until the motion was denied was it de-

termined that garnishee was properly before the court. Plaintiff filed his traverse six days later. This satisfied the five-day rule because there was an intervening Sunday. Mun.Ct.Civ.R. 6(a).

■ Turning to assignments of error which challenge the correctness of the decision below, it needs to be said that in appellant's briefs there is a formidable array of factual statements which are not to be found in the record. It also needs to be said, as has been done time and again, that appellate review must be limited to matters in the official transcript of record and cannot be based on statements of counsel which speak against the record either by way of contradiction or by unauthorized additions thereto.

■ Following the disappearance of the president of Holiday Homes, Inc., in March 1955, an instrument was prepared entitled "Deed of Trust—Benefit of Creditors," conveying the assets of the company in trust to Jack Pinkston. The deed of trust was executed by a lawyer purporting to act as corporate secretary. Appended thereto was the consent of another attorney acting for a stockholder. The trial judge found, among other things, that the deed of trust had been executed in the District of Columbia and that the company's place of business was then in the District; that Mr. Pinkston was and is a resident of Maryland; that the deed contained no provision for giving notice to creditors, but reserved any surplus for the benefit of assignors (stockholders); that though it was filed in a Maryland Circuit Court, Mr. Pinkston admitted that he had not filed with that court a bond for the faithful performance of his trust;[1] that he had not filed such a bond in the United States District Court for the District of Columbia as required by Code 1951, § 28–2603; that Mr. Pinkston claimed credit for disbursement to himself of $1,821.38 as trustee's commissions. These

findings were all supported by the evidence, and it was stipulated in writing that Mr. Pinkston had received "in excess of $1,500.00 on account of and by reason of contracts whereby Holiday Homes, Inc. agreed to construct and erect houses for various purchasers of such houses."

The trial judge ruled that the "deed of assignment" was a District of Columbia contract, and was required to be filed among the land records in this jurisdiction. He continued:

"The said deed of assignment is invalid for the reasons that it was not so recorded within five days from the date of execution, as required by the Code (1951 ed., Sec. 28–2602); nor was the trustee a resident of the District of Columbia, as required by said section; the instrument reserves the surplus for the benefit of assignors; no creditors are named therein; no provision is made for giving notice to creditors; and the provision which authorizes the trustee to 'operate the said business so far as to said Trustees seems practicable' is a means by which creditors may be hindered and delayed in the collection of their claims. Kansas City Packing Co. v. Hoover, 1 App. D.C. 268."

These rulings were supported by ample evidence and based on sound legal principles. Indeed, the trial judge might very properly have ruled the deed of trust invalid for an additional reason. The lawyer who executed it as secretary of the company freely testified that he was not then in fact secretary and had not held that office (or any other) for some eight months. He said that after the president disappeared there was pressure from Internal Revenue Bureau and from creditors, and "he had a feeling he should do something to protect the interest of the stockholders and creditors." We may agree that his motives and

---

[1]. It seems that he did file a bond there some two years later in connection with liquidation proceedings.

Mr. Pinkston's, too, were the most honorable. But we cannot agree that by the "deed of trust" we have described there was created a lien or right superior to that of the attaching judgment creditor. The court below was right in subjecting funds admittedly in garnishee's hands to the satisfaction of the judgment. In the circumstances of this case the claim of the garnishee (trustee) to commission must yield to the claim of plaintiff.

See, in general support of the views we have expressed, Keane v. Chamberlain, 14 App.D.C. 84; Haverhill Shoe Novelty Co. v. Leader Shoe Co., 87 N.H. 366, 180 A. 242; Pritchett v. Tolbert, 210 N.C. 644, 188 S.E. 71; Saligman v. Ginsburg, Sup., 102 N.Y.S.2d 142; 4 Am.Jur., Assignments for Benefit of Creditors, Sec. 114.

It is proper to mention another matter. Garnishee filed a motion for new trial which was overruled. Later he filed a motion for reconsideration supported by lengthy affidavits. This motion was also overruled. These rulings have not been assigned as error and are not before us for review. But we think it fair to mention that to the extent that the motions and affidavits assert that garnishee was given no opportunity to present his evidence at the trial, they do not agree with the approved statement of evidence. That statement reveals that Mr. Pinkston was called as a witness for plaintiff and testified on direct examination and also at considerable length on cross-examination by his own counsel; also that plaintiff called the corporate secretary who testified fully on direct and on cross-examination as well; also that the court instructed garnishee to file a financial statement and that garnishee asked and was given leave to file certain "late exhibits." Two months later the case was again argued and then decided; and at no time during trial or argument was there any request by garnishee or his counsel for an opportunity to offer additional testimony.

Affirmed.