**D. C. TRANSIT SYSTEM, INC., Appellant,**

v.

**Harris L. MILTON, Appellee.**

**No. 4469.**

District of Columbia Court of Appeals.

Argued Jan. 7, 1969.

Decided Feb. 25, 1969.

---

**550**

David L. Hilton, Washington, D. C., for appellant.

Lawrence Z. Bulman, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from a jury verdict awarding appellee damages for injuries sustained in a motor vehicle collision.

Appellant complains that, over its objection, appellee was allowed to introduce medical testimony concerning the existence of a permanent knee injury (damaged cartilage) which was not mentioned in appellee's pre-trial statement. There was no pre-trial order since counsel for both sides waived a pre-trial hearing and exchanged pre-trial statements and medical reports.

The statement of proceedings and evidence does not show that appellant objected to the introduction of this testimony or of any other testimony, nor does it show that appellant requested the trial court to grant a mistrial, notwithstanding the statements to the contrary made by appellant's counsel at oral argument. Appellate review is limited to matters appearing in the record before us, and we cannot base our review of errors upon statements of counsel which are unsupported by that record. Pinkston v. Carter, D.C.Mun.App., 150 A.2d 629, 632 (1959), aff'd, U.S.App. D.C., 322 F.2d 476 (1963), cert. denied, 376 U.S. 930, 84 S.Ct. 700, 11 L.Ed.2d 651 (1964). It is well settled that the admissibility of evidence is not subject to review when the record shows that there was no objection to the admission of that evidence at trial.[1]

Moreover, the record does reveal that appellant had a medical report on appellee indicating a strong possibility of a damaged cartilage in the knee, and it also had appellee's pre-trial statement claiming permanent pain in the knee. From these docu-

1. District of Columbia v. Disney, 65 App. D.C. 138, 81 F.2d 272 (1935); Spruill v. Crawford, 64 App.D.C. 118, 75 F.2d 522 (1934), cert. denied, 294 U.S. 714, 55 S.Ct. 513, 79 L.Ed. 1247 (1935);

A. P. Woodson Co. v. Sakran, D.C.Mun. App., 129 A.2d 175 (1957); Taylor v. James, D.C.Mun.App., 85 A.2d 62 (1951); Moncure v. Curry, D.C.Mun. App., 42 A.2d 143 (1945).

ments appellant was on notice that there might be a claim of permanent injury to the cartilage in the knee.[2]

■ We also are unable to review the claim that part of Dr. Holtzman's testimony was heresay since the record again fails to show that there was an objection to the admission of any of his testimony, nor does the record specifically refer to the testimony which is claimed to have been hearsay.

■ We again state that it is the responsibility of counsel claiming error to present to this court an adequate record from which we can determine whether error was committed in the trial court.[3] Since we do not have such a record, and finding no error on the record before us, we

Affirm.

John J. Spriggs, Jr., Washington, D. C., was on the brief for appellant.

Charles T. Duncan, Corp. Counsel, with whom Hubert B. Pair, Principal Asst. Corp. Counsel, Richard W. Barton and David P. Sutton, Asst. Corp. Counsels, were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and GALLAGHER, Associate Judges.

2. *See, e. g.,* District of Columbia v. Disney, *supra* n. 1.

3. James v. Greenberg, D.C.Mun.App., 55 A.2d 727 (1947).