MARYLAND DRYWALL COMPANY, INC., Appellant,

v.

Andre ROBERTSON, Appellee.

No. 91–CV–1206.

District of Columbia Court of Appeals.

Submitted Oct. 28, 1992.

Decided Nov. 17, 1992.

1. Maryland Drywall was a third-party defendant in a negligence action against the District of

Kelly A. Saunders, Washington, D.C., was on the brief, for appellant.

Luiz R.S. Simmons, Silver Spring, Md., was on the brief, for appellee.

Before FERREN, TERRY, and STEADMAN, Associate Judges.

TERRY, Associate Judge:

This appeal arises from a trial court order imposing sanctions on appellant, Maryland Drywall Company, in June 1991. According to appellant's brief:

> The court ordered sanctions because Maryland Drywall did not supplement its answers to the plaintiff's interrogatories served upon and answered by Maryland Drywall in November 1990. The court ruled that Maryland Drywall should have supplemented its answers with information Maryland [Drywall] received in April 1991. Maryland Drywall appeals the order of sanctions on the ground that it was not required to supplement its interrogatory answers since it had been severed from the plaintiff's case in February 1991—two months before it received the additional information.

We conclude, after examining the record, that the claim against Maryland Drywall was not "severed" within the meaning of Super.Ct.Civ.R. 21, but that the court merely ordered a separate trial of its portion of the case[1] under Super.Ct.Civ.R. 42(b). Consequently, Maryland Drywall remained a party and was under a duty to provide further discovery under Super.Ct.Civ.R. 26(f). We therefore hold that the trial court did not err in imposing sanctions for failure to perform that duty, and accordingly affirm the order under review.

I

Andre Robertson, an employee of Maryland Drywall, was injured when he fell from a third-story window in a building owned by the District of Columbia which was undergoing renovation and remodeling. He sued the District, the W.M. Schlos-

Columbia and others.

ser Company ("Schlosser"), which was the general contractor, and others who were later dismissed from the case. Schlosser in turn filed a third-party complaint against its subcontractor, Maryland Drywall, and against a sub-subcontractor, Fredco Construction Company, and Fredco's owner. After discovery closed, Robertson settled with Schlosser and then moved to preclude the third-party defendants, including Maryland Drywall, from participating in the trial of his claim against the District of Columbia. The court held a hearing and orally granted Robertson's motion on February 28, 1991. No written order embodying that oral ruling, however, was ever entered.

On June 24, 1991, a jury trial began on Robertson's claim against the District of Columbia. On the second day of trial, when counsel for the District asked Robertson on cross-examination about certain statements he had made to two other persons, Robertson's counsel objected on the ground that he had not been made aware of these statements through discovery. The court held an extended hearing and eventually granted a mistrial, ruling that not only the District but also Maryland Drywall should have supplemented its answers to interrogatories with information about these statements. Later the court awarded to Robertson all costs he had incurred for the aborted trial, to be divided equally between the District and Maryland Drywall as sanctions for their failure to provide full discovery. The court's order, filed June 27, 1991, stated that Maryland Drywall and the other third-party defendants were "deemed by this Court to be under a continuing obligation, pursuant to D.C.Super.Ct.Civ.R. 26(f), to supplement their respective responses to discovery requests."[2] Maryland Drywall's motion to reconsider this order was denied.

The retrial of Robertson's claim against the District resulted in a verdict in his favor in the amount of $6,000,000. Judgment was entered on that verdict on September 16, 1991. Maryland Drywall filed its notice of appeal on October 11, 1991.

## II

On this appeal we must decide what was the effect of the trial court's February 28 ruling which divided the case into two parts. If it was a severance under Rule 21,[3] then Maryland Drywall was, at least arguably, out of the case involving the District, and the court probably should not have awarded discovery sanctions against Maryland Drywall four months later. On the other hand, if the court was merely granting separate trials under Rule 42(b),[4] then Maryland Drywall was still very much in the case, and the imposition of sanctions was within the court's discretion. Although the record is not crystal clear, we think it is clear enough to permit us to conclude that the court effected a separation under Rule 42(b), not a severance under Rule 21.

At the end of the February 28 hearing on Robertson's motion to preclude Maryland Drywall and others from participating in the trial against the District, the following exchange occurred:

> MR. O'CONNELL (counsel for Schlosser): ... Your Honor's ruling is apparent, but I don't know that it has been stated.

**2.** Super.Ct.Civ.R. 26(f), which is identical to Fed.R.Civ.P. 26(e), imposes on a party the duty to supplement its responses to discovery requests in various circumstances outlined in the rule.

**3.** Super.Ct.Civ.R. 21 provides in part:
> Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

This rule is identical to its federal counterpart, Fed.R.Civ.P. 21.

**4.** Super.Ct.Civ.R. 42(b) provides in part:
> *Separate trials* The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury....

The corresponding language in Fed.R.Civ.P. 42(b) is identical.

Your Honor is ruling that the cases are severed?

THE COURT: Yes. Oh, I'm sorry. I will say it. I am going to hold two trials. I'm going to have one trial between the plaintiff and the District of Columbia, and at the conclusion of that and at a later time I will have a second trial on the third party case between Schlosser, Fredco, and Maryland Drywall if I can't persuade them prior to that time to settle the case.

Maryland Drywall pins its hopes on this portion of the record, urging us to hold that it must be read as granting a full-fledged severance. We find this colloquy too ambiguous to serve as a basis for reversal. Although Mr. O'Connell used the term "severed," the court never actually spoke that word, at least not at this crucial point in the hearing. We conclude, after examining the record as a whole, that the court intended to, and did, order a separation rather than a severance.

From time to time during the hearing, the judge used both "sever" and "separate" to refer to the requested remedy. For example, when Robertson's counsel asked the judge to try only the third-party claims "and allow the plaintiff's claim ... to go against the District at another time," the judge responded, "[I]f I were going to separate that way, it seems to me it makes more sense to do that in reverse." Barely four pages later in the transcript, the judge observed that some party might be "prejudiced by my severing the trials, but I don't think I can rule on a severance or not a severance based on [that possibility]." Still later, in discussing what the jury should be told about the other parties, the judge commented, "I can just say there were other parties in the case, and I have decided to have separate trials...." Given these and similar remarks throughout the hearing, we can draw no conclusion from the judge's use of any particular word. We will not impose on a busy trial judge the burden of choosing every single word with absolute precision, on pain of reversal, especially when the difference between a severance and a separation was not the focus of anyone's attention at the time.[5]

More relevant, we think, are Robertson's motion and Maryland Drywall's written response to it. Robertson had asked the court "pursuant to [Rule] 20(b) ... to sever third party defendant Maryland Drywall from this action and order a separate trial on defendant's third party Complaint," arguing that such an order was necessary "to prevent delay or prejudice."[6] Maryland Drywall responded:

Superior Court Rules of Civil Procedure 20(b) and 42(b) provide for separate trials in order to prevent delay and/or avoid prejudice. In the case at bar, the plaintiff is in no way prejudiced, nor will the case be delayed....

Additional considerations for ordering severance/separate trials under Rules 20(b) and 42(b) concern judicial economy. In this instance, it would be a waste of judicial resources to sever the Third-Party Complaint against Maryland Drywall from this case.

From the references to Rules 20(b) and 42(b) in both the motion and Maryland Drywall's opposition, and from the fact that neither the motion nor the opposition ever mentioned Rule 21, it is evident to us that what the parties contemplated was a mere separation of the third-party portion of the case from the claim against the District.

---

5. We note, however, that the distinction between severance and separation "is often obscured in practice since at times the courts talk of 'separate trial' and 'severance' interchangeably." 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2387 (1971) (footnote omitted); see United States v. O'Neil, 709 F.2d 361, 366 (5th Cir.1983); 3A J.W. MOORE, et al., MOORE'S FEDERAL PRACTICE ¶ 21.05[2] (2d ed. 1992).

6. Super.Ct.Civ.R. 20(b) provides:

*Separate trials* The Court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

Fed.R.Civ.P. 20(b) contains identical language.

The June 27 order, quoted at page 1158, *supra,* plainly shows that this was the court's understanding of its own February 28 ruling. Analyzing that ruling in light of the whole record, we conclude that there was no severance, and hence that Maryland Drywall was under a continuing duty to provide discovery. Accordingly, we find no error in the order imposing sanctions.[7]

*Affirmed.*

7. We reject Robertson's argument that we should dismiss this appeal for lack of jurisdiction because the notice of appeal was untimely filed. The order imposing sanctions was plainly not a final order, and hence was not appealable. Final judgment in this case was not entered until September 16, 1991. The notice of appeal was filed on October 11, well within the thirty-day period prescribed by this court's Rule 4(a)(1).

Robertson asserts in his brief that final judgment was not actually entered until April 2, 1992, but there is no basis for that assertion in the record before us. We have repeatedly refused to "base our review of errors upon statements of counsel which are unsupported by [the] record." *D.C. Transit System, Inc. v. Milton,* 250 A.2d 549, 550 (D.C.1969) (citations omitted); *see Cobb v. Standard Drug Co.,* 453 A.2d 110, 111–112 (D.C.1982).